# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, *et al.*,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>　　　　*Defendants*. | Case No. 4:24-cv-520-JAR |

## DEFENDANTS' PROPOSED SCHEDULE AND RESPONSE TO THE COURT'S APRIL 16 ORDER

As directed by the Court's April 16, 2024 Order, ECF No. 9, counsel for all parties have conferred in good faith, over email and videoconference, in an effort to reach agreement on a proposed schedule. Despite those efforts, the parties were unable to reach agreement. Defendants thus submit the following proposed schedule and response to the Court's April 16, 2024 Order.

1.　Plaintiffs challenge an agency rule that was published in the Federal Register over nine months ago, on July 10, 2023. *See* Dep't of Education, *Improving Income Driven Repayment for the William D. Ford Federal Direct Loan Program and the Federal Family Education Loan (FFEL) Program*, 88 Fed. Reg. 43820 (July 10, 2023). The Rule was preceded by a Notice of Proposed Rulemaking, issued over fifteen months ago, on January 11, 2023. *See* Dep't of Education, *Improving Income-Driven Repayment for the William D. Ford Federal Direct Loan Program*, 88 Fed. Reg. 1894 (Jan. 11, 2023).

2.　The effective date of the Rule is July 1, 2024. *See* 88 Fed. Reg. at 43820. The agency has also invoked its statutory "early implementation" authority, in limited respects, to implement some portions of the Final Rule before July 1. That approach should have been no surprise to Plaintiffs— it was explicitly contemplated by the Final Rule itself, in July of 2023, *see* 88 Fed. Reg. at 43820-21,

and the actions at issue were also separately noticed in the Federal Register many months ago (in October 2023, *see* 88 Fed. Reg. 72685, and January 2024, *see* 89 Fed. Reg. 2489).

3. This lawsuit was filed by a group of states on April 9, 2024. ECF No. 1. This is the second-filed of two pending lawsuits challenging this program. The first was filed by another group of states, on March 28, 2024. *See Kansas v. Biden*, No. 6:24-cv-01057 (D. Kan.).

4. Although Plaintiffs challenge an agency rule that was published over nine months ago, they now seek the "extraordinary remedy" of both a temporary restraining order and a preliminary injunction, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), and seek to brief important issues of nationwide significance at a needlessly breakneck pace.

5. In particular, based on the meet-and-confer process, Defendants' understanding is that Plaintiffs intend to propose a briefing schedule that would allow for a hearing on their motions to be held during the first week of May, which begins next week.

6. Defendants offer the following proposal:

- **May 7**: Defendants' combined motion to dismiss and opposition to Plaintiffs' motions for a TRO and a preliminary injunction.

- **May 21**: Plaintiffs' combined opposition to Defendants' motion to dismiss and reply in support of their motions for a TRO and a preliminary injunction.

- **May 29**: Defendants' reply in support of their motion to dismiss.

- Hearing: if necessary, at the Court's convenience.

7. Defendants respectfully submit that the Court should adopt their proposal and reject Plaintiffs'. For one, Defendants' proposal is more efficient for the Court and the parties, in that it will result in a combined four-brief schedule, rather than a six-brief schedule, as Defendants understand Plaintiffs propose. It will thus reduce unnecessarily repetitive briefing—on Plaintiffs' proposal, for example, the parties will be briefing identical issues of Article III standing on both sides' motions, resulting in repetitive arguments from each party. And although Defendants' answer or Rule 12 motion is not currently due until June 11, *see* Fed. R. Civ. P. 12(a)(2), Defendants are willing to expedite

2

that motion to the date that they file their opposition to Plaintiffs' motions, for the sake of creating this efficiency benefit.

8.  Defendants have proposed a very speedy briefing schedule (particularly for a case in which significant review and coordination will be required within the Executive Branch), which would have TRO, preliminary-injunction, and motion-to-dismiss briefing completed by May 29. Especially given Plaintiffs' decision to wait over nine months before filing this lawsuit, and a further week to file for "emergency" relief, no additional expedition is necessary or appropriate. After all, Defendants' response to the complaint is not due until June 11, and the Final Rule does not take effect until July 1. *See* 88 Fed. Reg. at 43820. Defendants' proposal would allow the Court ample time to consider and review the parties' motions and issue a decision before July 1.[1]

9.  Plaintiffs' proposal would also prejudice Defendants and their counsel, who are simultaneously responding to another earlier-filed lawsuit on the same subject, in which the district court has set a quick and substantially overlapping schedule, including two in-person hearings that will each require cross-country travel (one on May 31, one on June 11). *See Kansas v. Biden*, No. 6:24-cv-01057, Mem. & Order, ECF No. 44 (D. Kan. Apr. 16, 2024) (granting Defendants' request for combined briefing on the preliminary-injunction motion and Defendants' forthcoming motion to dismiss, and otherwise rejecting Plaintiffs' proposed deadlines). It would be difficult to justify allowing this case to leapfrog the *Kansas* case, even though *Kansas* was filed first and is currently requiring significant attention from the same government counsel.

10. The partial and limited invocation of the agency's "early implementation" authority does not warrant additional expedition. Again, the agency's intent on that issue was clear as early as July 2023, and repeatedly disclosed in subsequent Federal Register publications that Plaintiffs knew about (or should have known about, through reasonable diligence). *See supra* ¶ 3. At this point, any time-sensitivity in the lead-up to the Rule taking full effect on July 1 is a result of Plaintiffs' own

---

[1] In *Kansas*, the plaintiffs requested that the Court issue a decision by June 24, one week before the Rule's effective date of July 1. Defendants did not oppose that request.

litigation choices, and their failure to move more quickly to challenge what they now assert is a "major question" of great significance.

11.     For these reasons, Defendants respectfully request that the Court enter the schedule set forth above, in paragraph 6.[2]

Dated: April 22, 2024                              Respectfully submitted,

                                                   BRIAN M. BOYNTON
                                                   Principal Deputy Assistant Attorney General

                                                   MARCIA BERMAN
                                                   Assistant Branch Director

                                                   */s/ Stephen M. Pezzi*
                                                   STEPHEN M. PEZZI (D.C. Bar No. 995500)
                                                    Senior Trial Counsel
                                                   SIMON G. JEROME (D.C. Bar No. 1779245)
                                                    Trial Attorney
                                                   United States Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   1100 L Street, NW
                                                   Washington, DC 20005
                                                   Tel: (202) 305-8576
                                                   Email: stephen.pezzi@usdoj.gov

                                                   *Counsel for Defendants*

---

[2] During the meet-and-confer process, Plaintiffs asked that Defendants request a May 23rd deadline (instead of a May 21st deadline) for Plaintiffs' combined opposition and reply brief, to account for other litigation responsibilities of one of the attorneys for Plaintiff Missouri—even while Plaintiffs intended to propose a far quicker schedule. As counsel discussed, Defendants, of course, as a matter of professional courtesy, would like to accommodate the schedules of Plaintiffs' counsel—even though Plaintiffs' proposal does not reciprocate that courtesy, despite the significant conflicts with Defendants' counsel's schedules that are created by Plaintiffs' proposal. And Plaintiffs' desire for additional time to account for the schedule of one of their attorneys is difficult to square with their simultaneous assertions that they need emergency relief on an extraordinarily time-sensitive basis. It would also result (if Defendants' reply deadline were also extended by two days) in a filing deadline for Defendants of May 31, which is the same day as Defendants' motion-to-dismiss hearing in *Kansas*. Nonetheless, the Court may wish to account for Plaintiffs' preference for May 23 over May 21, if the Court otherwise adopts a schedule like the one that Defendants have proposed here.