## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

STATE OF MISSOURI,
STATE OF ARKANSAS,
STATE OF FLORIDA,
STATE OF GEORGIA,
STATE OF NORTH DAKOTA,
STATE OF OHIO, and
STATE OF OKLAHOMA

     *Plaintiffs*,

v.

JOSEPH R. BIDEN, Jr., in his official
capacity as President of the United States,

MIGUEL A. CARDONA, in his official
capacity as Secretary, United States
Department of Education, and

UNITED STATES DEPARTMENT OF
EDUCATION,

     *Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 24-cv-520

### PLAINTIFFS' MOTION FOR SCHEDULING ORDER

Per this Court's order (ECF 9), Plaintiffs and Defendants have conferred about a schedule but have not been able to agree. While Plaintiffs offered to cede much of our own time for briefing to give Defendants *more* time to respond than contemplated by this Court's rules, Defendants desire an even longer schedule that would create not only irreparable harm, but also threaten to moot part of Plaintiffs' case.

As to irreparable harm, in the 2022 student loan case that was ultimately adjudicated by the Supreme Court, Defendants agreed to delay student loan forgiveness temporarily to give the district court a chance to rule. But now Defendants have twice implemented their rule early—including just over a week ago—to cancel $4.8 billion in loans. At the meet-and-confer, Plaintiffs

1

asked Defendants to delay any further cancellation until July 1, 2024, when the rule is scheduled to go into full effect.  Defendants would not accept that request.  That means Plaintiffs are at a daily risk of irreparable harm, necessitating a much earlier hearing.

As to mootness, part of Plaintiffs' case challenges Defendants' decision to offer forgiveness *before* July 1, 2024.  That claim is extraordinarily time sensitive.  At the very least, the Court should promptly receive briefing and hear argument on that aspect of the lawsuit, even if the Court chooses to hear other aspects of the lawsuit at a later date.

## PROPOSED SCHEDULING ORDER

Under Local Rule 4.01, Defendants' response to Plaintiffs' motions currently is due on April 30.  Plaintiffs' reply is due May 10.  To facilitate a prompt hearing, Plaintiffs proposed to Defendants at the meet-and-confer, and propose to the Court today, ceding much of our time to Defendants, giving Defendants more time than this Court's local rules.  Plaintiffs propose the following schedule:

- **May 3**: Defendants' response to Plaintiffs' Motions for a Stay or, in the alternative, TRO and Preliminary Injunctive Relief (3 days longer than Defendants would receive under Local Rule 4.01)

- **May 7 or 8**: Plaintiffs' reply (5-6 days *fewer* than permitted under Local Rule 4.01)

- **Oral argument**: As soon thereafter as the Court's schedule permits. (Counsel can be available any day *except* May 14.)

This schedule not only gives Defendants more time than contemplated by Local Rule 4.01; but it also gives them more time than they agreed to in 2022 in *Nebraska v. Biden*, the first time Defendants tried to implement mass student loan cancellation.  There, they agreed to file a response due just 8 days after the lawsuit was filed.  *See* Ex. A, Party Stipulation, *Nebraska v. Biden*, 4:22-cv-01040 (Sept. 30, 2022).[1]

---

[1] https://storage.courtlistener.com/recap/gov.uscourts.moed.198213/gov.uscourts.moed.198213.14.0_2.pdf

In contrast, Plaintiffs understand from the meet-and-confer that Defendants want a longer schedule so they can also file a motion to dismiss—even though they have already admitted in a parallel lawsuit that Missouri has standing, which is sufficient for all Plaintiffs here to proceed.[2] Defendants proposed filing a combined motion to dismiss and response to Plaintiffs' motion on May 7, with Plaintiffs filing a combined response and reply on May 21 and Defendants filing a reply on May 29.  This would all but guarantee that this Court could not hear argument until June.

## THE COURT SHOULD GRANT PLAINTIFFS' SCHEDULING ORDER

The Court should accept Plaintiffs' proposed schedule for several reasons.

**1.**      First, Defendants' proposed schedule would inflict irreparable harm on Plaintiffs and threaten to moot part of the challenge.

As to irreparable harm, one example suffices.  Last year, when the Supreme Court struck down Defendants' first attempt at mass student loan cancellation, the Supreme Court held that *any* cancellation causes irreparable harm to the Missouri public instrumentality that gets paid to service student loans: the "Higher Education Loan Authority of the State of Missouri" or "MOHELA." *Biden v. Nebraska*, 143 S. Ct. 2355, 2366 (2023).  And any "harm to MOHELA is also a harm to Missouri." *Id.*  What was true last year is likewise true here.  Defendants are already forgiving loans under the challenged rule.  Although the challenged rule was not supposed to go into effect until this July, Defendants announced in February that they had forgiven $1.2 billion in loans.[3] Just ten days ago, Defendants did so again, this time forgiving an additional $3.6 billion.  Under

---

[2] "[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement." *Rumsfeld v. Forum for Academic & Institutional Rights, Inc*., 547 U.S. 47, 52 n.2 (2006).

[3] Defendants' Final Rule last July did not say that they would implement forgiveness early.  It was not until January that Defendants first announced (in half a page in the Federal Register) that they had reversed course.  89 Fed. Reg. 2489 (Jan. 16, 2024).  And it was not until late February that anybody other than daily readers of the Federal Register (if any exist) received notice of the change in Defendants' policy.

binding precedent, all this imposes irreparable harm on MOHELA and thus Missouri.  Delaying

the briefing schedule will only give Defendants more time to impose even more irreparable harm.

That makes this case distinct from the parallel lawsuit, by Kansas and ten other States, that

challenges the same Final Rule.  *Kansas v. Biden*, No. 6:24-cv-01057 (D. Kan. Mar. 28, 2024).

The district court there adopted a schedule closer to what Defendants are seeking.  But the Kansas

plaintiffs do not have MOHELA and thus are not seeking a TRO, unlike Plaintiff States here.  The

Kansas case thus does not require as quick of a schedule.

Notably, last time Defendants attempted mass cancellation, they agreed to expedite briefing

and also to delay implementing their rule to give the Court time to address the preliminary

injunction motion.  Defendants at that time agreed to delay any forgiveness until four days after

the requested date for the Court to rule.  Ex. A at 1–2.  And they agreed to file a response to the

motion just 8 days after the lawsuit was filed.  *Id.*

In contrast, Defendants here have refused to do the same.  Plaintiffs asked Defendants to

wait to cancel further loans until July, to give the court time to rule.  Plaintiffs pointed out that the

early-forgiveness portion of the Final Rule originally was not supposed to go into effect until July

1, 2024, but that Defendants reversed course and announced in February and April that they had

already forgiven $4.8 billion in debt.  Concerned about this development, Plaintiffs offered to

agree to Defendants' schedule if Defendants agreed not to forgive debts before July.  But

Defendants would not accept that proposal.

Delay also could threaten to moot part of Plaintiffs' case.  At Part II.C.8 of Plaintiffs' brief,

Plaintiffs argue that it was arbitrary and capricious for Defendants to completely reverse course

from what they said last July and to start implementing the Final Rule early without providing any

explanation for their change in position.  ECF 10 at 46.  This argument necessarily applies only to

the period of time between February and July 2024.  The Kansas coalition did not make this argument.  Adopting Defendants' schedule would substantially consume the clock for when this argument is most relevant.

2.       Second, this case is different from the Kansas case in other ways (besides Kansas not seeking a TRO) that should accelerate briefing.  Namely, Defendants strenuously challenge the standing of the States in the Kansas case but in effect concede that Missouri has standing.  In their filings in the Kansas case, Defendants concede that "if any of the Plaintiffs has a state-owned instrumentality that is similarly situated to MOHELA in all relevant respects, that State may very well have Article III standing."  ECF 42, *Kansas v. Biden*, No. 6:24-cv-01057 at 4 (April 12, 2024).  Because Missouri has MOHELA, there is no standing issue.  That makes briefing simpler.

Defendants also sought a delay in the Kansas case because Kansas said it merely "anticipate[s] having proof" to support standing "at the time of any hearing."  *Id.* (quoting Kansas filing).  But no delay is needed here because Defendants have already in effect conceded that Missouri has standing.  Plaintiff States here also do not "anticipate" having proof at some future date.  Plaintiff States can establish standing now based on indisputable facts and binding Supreme Court precedent.

3.       Third, Plaintiff States' request is timely.  In the Kansas case, Defendants tried to distinguish the quick 2022 schedule by arguing that the 2022 "lawsuit was filed only *one* month after the relevant agency action was announced."  *Id.* at 6 (emphasis in original).  But the lawsuit now before this Court was filed just over "one month" after Defendants first announced that they had forgiven loans ahead of schedule.  U.S. Dep't of Educ., *Press Release, Biden Harris Administration Approves $1.2 Billion in Loan Forgiveness for Over 150,000 SAVE Plan*

5

*Borrowers* (Feb. 21, 2024).[4]  The Final Rule was published last July but was not supposed to take effect until this July.  Defendants reversed course, forgiving $1.2 billion in February and another $3.6 billion just 10 days ago (*after* Plaintiff States filed this lawsuit and raised concern about this exact scenario), prompting the need for Plaintiffs to seek emergency relief.

That means time is even more of the essence here.  Whereas Defendants in 2022 agreed to delay loan forgiveness, Defendants here have now forgiven $4.8 billion in loans and, unlike in 2022, would not agree to pause further forgiveness to give the Court time to rule.

**4.**  Finally, there is no reason to delay briefing and a hearing on Plaintiffs' emergency motion simply so that Defendants can file a motion to dismiss.  Plaintiffs are happy to have Defendants accelerate filing a motion to dismiss—but not at the cost of delaying a hearing on Plaintiffs' request for emergency relief.  If Defendants are confident in their ability to win a motion to dismiss, then they should be equally confident in opposing motions for a stay, TRO, or preliminary injunction.  This is not a fact-intensive case.  Any arguments in a motion to dismiss are going to overlap substantially with a response to Plaintiffs' pending motions.

That means that accelerating a motion to dismiss will not be more efficient from a briefing perspective.  Arguments that overlap between the response motion and the motion to dismiss can either be copied and pasted or be incorporated by reference into the latter motion.

## CONCLUSION

The Court should accept Plaintiffs' proposed schedule because it best reflects the gravity of the situation at hand.  At the very least, the Court should direct Defendants to respond to Plaintiffs' arguments about early implementation of the Final Rule so that the Court can

---

[4] https://www.ed.gov/news/press-releases/biden-harris-administration-approves-12-billion-loan-forgiveness-over-150000-save-plan-borrowers

immediately hear that part of the lawsuit, even if the Court elects to hear arguments on the remainder of the lawsuit at a later date.

Date: April 22, 2024

**ANDREW BAILEY**
**Attorney General of Missouri**

/s/ Joshua M. Divine
Joshua M. Divine, #69875MO
   *Solicitor General*
Reed C. Dempsey #1697941DC
   *Deputy Solicitor General*
Samuel Freedlund, #73707MO
   *Deputy Solicitor General*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
Fax. (573) 751-0774
josh.divine@ago.mo.gov
samuel.freeland@ago.mo.gov
reed.dempsey@ago.mo.gov

*Counsel for Plaintiff*
*State of Missouri*
*Lead Counsel for State Plaintiffs*

**TIM GRIFFIN**
**Attorney General of Arkansas**

/s/Nicholas Bronni
Nicholas J. Bronni
   *Solicitor General*
Dylan L. Jacobs
   *Deputy Solicitor General*
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3661
Nicholas.Bronni@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

*Counsel for*
*State of Arkansas*

Respectfully Submitted,

**ASHLEY MOODY**
**Attorney General**

/s/James H. Percival
James H. Percival
   *Chief of Staff*
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

**CHRISTOPHER M. CARR**
**Attorney General**

/s/Stephen J. Petrany
Stephen J. Petrany
   *Solicitor General*
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for State of Georgia*

**DREW H. WRIGLEY**
**Attorney General**

/s/ Philip Axt
Philip Axt
   *Solicitor General*
North Dakota Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Telephone: (701) 328-2210
pjaxt@nd.gov

*Counsel for State of North Dakota*

**DAVE YOST**
**Ohio Attorney General**

/s/ T. Elliot Gaiser
T. Elliot Gaiser
   *Solicitor General*
Mathura J. Sridharan
   *Deputy Solicitor General*
Office of the Attorney General
365 East Broad Street
Columbus, Ohio 43215
Phone: (614) 466-8980
thomas.gaiser@ohioago.gov

*Counsel for Plaintiff State of Ohio*

**GENTNER DRUMMOND**
**Attorney General of Oklahoma**

/s/ Garry M. Gaskins, II
Gentner Drummond, OBA #16645
   *Attorney General*
Garry M. Gaskins, II, OBA #20212
   *Solicitor General*
Office of the Attorney General
State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
Fax:  (405) 522-4815
gentner.drummond@oag.ok.gov
garry.gaskins@oag.ok.gov

*Counsel for*
*State of Oklahoma*

9

**CERTIFICATE OF SERVICE & COMPLIANCE**

I certify that on April 22, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, consistent with Federal Rule of Civil Procedure 5(b).

I further certify that the foregoing document contains 1,666 words, exclusive of matters designated for omission, as counted by Microsoft Word.

/s/ *Joshua M. Divine*

*Counsel for Plaintiff State of Missouri*
*Lead Counsel for Plaintiff States*