UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00520-JAR |
| | ) | |
| JOSEPH R. BIDEN, Jr., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' proposed scheduling plans (ECF Nos. 15 and 16), which were filed in response to this Court's April 16 Order (ECF No. 9). The parties met in good faith but were unable to come to an agreement on a proposed briefing schedule. As such, the parties separately submitted proposed briefing schedules.

On April 9, 2024, Plaintiffs filed their Complaint seeking declaratory relief and an injunction to halt the implementation of the Department of Education's rule, "Improving Income Driven Repayment for the William D. Ford Federal Direct Loan Program and the Federal Family Education Loan (FFEL) Program," (the "Final Rule") as published in the Federal Register on July 10, 2023. 88 Fed. Reg. 43,820–905. Seven days after filing their initial Complaint, on April 16, 2024, Plaintiffs filed their Motion to Stay or, in the alterative, a Temporary Restraining Order (ECF No. 6) and their Motion to Stay or, in the alternative, a Preliminary Injunction (ECF No. 7). Plaintiffs now propose an accelerated briefing schedule so that the Court can conduct a hearing on their request for a TRO by early May. In support, Plaintiffs claim that they are "at daily risk of irreparable harm. . . ." because of the early implementation of some components of the Final Rule. ECF No. 16 at 2. Plaintiffs also claim that a rapid briefing schedule is necessary

so as not to moot one of its arguments regarding the early implementation of part of the Final Rule before the rule takes full effect on July 1, 2024.  Plaintiffs propose giving Defendants until May 3 to respond to the Motion, giving Plaintiffs until May 7 or 8 to file their reply, and then having the Court conduct oral argument on the TRO "soon thereafter." *Id.* at 2.

      Defendants argue that Plaintiffs' proposed schedule moves too quickly given Plaintiffs' requested remedies.  Defendants also maintain that Plaintiffs' proposed accelerated briefing is belied by the timeline regarding the publication of the Final Rule and its early implementation. Defendants note that: (1) the Final Rule was proceeded by a Notice of Proposed Rulemaking on January 11, 2023 (88 Fed. Reg. 1,894); (2) the Final Rule was published in full on July 10, 2023; (3) early implementation of some parts of the Final Rule was first alluded to in the Final Rule and then later specifically published in the Federal Register in October 2023 (88 Fed. Reg. 72,685) and January 2024 (89 Fed. Reg. 2,489); and (4) the Final Rule is not set to take full effect until July 1, 2024.  Given this timeline, Defendants question the need to move as quickly as Plaintiffs suggest especially given Plaintiffs' decision to wait a full week after initiating this action to file their motion for a TRO.  Defendants also contend that their proposed briefing schedule will be more efficient by combining the briefing on the TRO and Defendants' motion to dismiss.  Finally, Defendants point to the briefing schedule recently ordered in a similar challenge to the Final Rule filed by several states in the District of Kansas, which was filed on March 28, 2024.  *Kansas v. Biden*, No. 6:24-cv-01057-DDC-ADM, ECF No. 1 (D. Kan. Mar. 28, 2024).  Defendants state that "[i]t would be difficulty to justify allowing this case to leapfrog the *Kansas* case, even though *Kansas* was filed first and is currently requiring significant attention from the same government counsel." ECF No. 15 at 3.

For these reasons, Defendants propose a slightly different briefing schedule on Plaintiffs' TRO than that of Plaintiffs, though Defendants also suggest accelerating the deadline for them to file their motion to dismiss.  Defendants propose filing a combined motion to dismiss and opposition to Plaintiffs' Motion for a TRO by May 7, having Plaintiffs file a combined response to Defendants' motion to dismiss and reply in support of their Motion for a TRO by May 21, and finally filing their reply in support of their motion to dismiss by May 29, with a hearing to follow, if necessary.

As an initial matter, the Court notes the importance of having this case briefed quickly and efficiently so that it can promptly decide Plaintiffs' pending Motion for a Stay or, in the alternative, a Temporary Restraining Order.  ECF No. 6.  The Court is also aware of the complexity and importance of the issues presented.  Plaintiffs' arguments in their Memorandum in Support span fifty pages and cover complex issues of national significance.  ECF No. 10.  Given the complexity of the issues, the seriousness of the relief sought, and the anticipated length of further briefing, the Court finds that there is a need to permit each side the proper opportunity for adequate briefing.

The Court believes that these matters will be more efficiently decided by having the TRO and Defendants' motion to dismiss briefed simultaneously.  While the Court recognizes the importance of addressing Plaintiffs' request for a TRO in a timely manner, the Court finds that Plaintiffs' urgency is of their own making.  Plaintiffs have had ample notice of the Final Rule, had notice by January 2024 at the latest of the Defendants' intent for early implementation of some portions of the Final Rule, then waited some months of file this case, and finally chose to wait a full week after filing the Complaint to file their motion requesting a TRO.  Having

3

carefully considered the proposed briefing schedules and the arguments of the parties, the Court therefore believes that the briefing schedule that follows is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that briefing on Plaintiffs' Motion to Stay or, in the alternative, Motion for Temporary Restraining Order (ECF No. 6), Plaintiffs' Motion to Stay or, in the alternative, a Preliminary Injunction (ECF No. 7), and Defendants' forthcoming motion to dismiss shall proceed as follows.

1. Defendants' combined Response to Plaintiffs' Motion for a TRO and arguments in support of their motion to dismiss will be due no later than **May 7, 2024**.

2. Plaintiffs' combined Reply in Support of their Motion for a TRO and response to Defendants' motion to dismiss will be due no later than **May 17, 2024**.

3. Defendants' Reply in Support of its motion to dismiss will be due no later than **May 27, 2024**.

**IT IS FURTHER ORDERED** that this matter is set for a hearing on Plaintiffs' Motion for a TRO and Defendants' motion to dismiss for **June 3, 2024**, at **10:00 a.m.** in the Courtroom of the undersigned. At the hearing, each side will be permitted up to forty-five (45) minutes to present their arguments.

Dated this 23rd day of April, 2024.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**