IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOSEPH R. BIDEN, Jr., et al.,<br><br>*Defendants*. | Civil Action No. 4:24-cv-00520-JAR |

**MOTION FOR INJUNCTION PENDING APPEAL
OR TEMPORARY ADMINISTRATIVE STAY OF AGENCY ACTION**

As directed by Fed. R. App. P. 8(a)(1)(C), Plaintiff States must move this Court for an injunction pending appeal before so moving in the Eighth Circuit. In light of developments late last night in the Kansas case, Plaintiff States now move for an injunction pending appeal or, in the alternative, a temporary administrative stay to give the Eighth Circuit time to consider the States' forthcoming motion in that court. The States seek relief that bars Defendants from further implementing the Final Rule titled "Improving Income Driven Repayment for the William D. Ford Federal Direct Loan Program and the Federal Family Education Loan (FFEL Program)," 88 Fed. Reg. 43,820, before appellate review.

While the States agree with this Court's order enjoining the forgiveness part of the Final Rule, Judge Crabtree's opinion in the Kansas case explains why the *entire* Final Rule is unlawful, including those provisions that change payment thresholds (increase income exemption and decrease payment amount) and that forgive interest accrual. Those provisions likewise harm the Plaintiff States. While the order in Kansas indirectly protects Plaintiff States here (because it has nationwide effect), Defendants *late last night* moved to stay the Kansas injunction by 3:00 p.m.

1

*today*, so an injunction pending appeal here (or an administrative stay of the rule) is necessary to prevent further injury.

## Injunction Pending Appeal

On Monday, June 24, 2024, this Court granted in part, and denied in part, Plaintiff States' Motion to Stay, or, in the alternative, a Preliminary Injunction (ECF 7). ECF 35, at 61. In that ruling, this Court recognized that the Plaintiff States have standing under the exact theory the Supreme Court recognized in *Biden v. Nebraska*, 600 U.S. 482 (2023). *Id.* at 34–39. Specifically, the Court found that "Plaintiffs have established standing through the alleged injuries to MOHELA and thus Missouri." *Id.* at 36.

As to the merits, the Court's opinion was split. While the Court agreed with Plaintiff States "on their claim that the Secretary has overstepped its authority by promulgating a loan forgiveness provision as part of the SAVE program," *Id.* at 45, the Court separately held that Plaintiffs did not establish a likelihood of success on the merits for their claims on payment schedules and interest accrual forgiveness because, in this Court's reading, Congress had not "explicitly or implicitly limited" the Secretary's authority to "create such a comparatively generous plan" or prohibit "interested accrual and capitalization." *Id.* at 42–43.

In contrast, the court in Kansas ruled that the *entirety* of "the SAVE Plan exceeds the Secretary's authority." *Kansas v. Biden*, No. 6:24-cv-01057, ECF 76 at 24 (June 24, 2024).[1] But that court preliminarily enjoined only those provisions that go into effect on July 1 because of concerns that the plaintiffs there may not have established irreparable harm for other provisions. For example, the Kansas court noted that the plaintiffs in that case "didn't include any allegations

---

[1] https://storage.courtlistener.com/recap/gov.uscourts.ksd.151881/gov.uscourts.ksd.151881.76.0_1.pdf; https://storage.courtlistener.com/recap/gov.uscourts.ksd.151881/gov.uscourts.ksd.151881.77.0_3.pdf

2

about FFEL loan consolidation when they filed their Complaint." *Id.* at 25–28.  The States here did do so.  *E.g.*, ECF 1 ¶¶ 121–28.

Following this Court's ruling, Defendants immediately announced that "[t]he Department of Justice will be appealing [the decision] to block key provisions of our SAVE Plan" and would "vigorously defend" the Final Rule.  Bianca Quilantan, *White House to Appeal Student Loan Repayment Plan Ruling* (June 25, 2024).[2]  They then filed a notice of appeal in this Court and in the Kansas court.  *See* ECF 37, *Kansas*, ECF 78.  But they waited nearly *four days* before filing—late last night—an emergency motion for stay pending appeal in the Kansas court.  *Kansas*, ECF 80.  That motion requested a stay of the preliminary injunction, or in the alternative, a narrowing of the Kansas court's injunction.  *Id.*; *see also* ECF 81.[3]  In light of this development, Plaintiff States now—just hours after Defendants' filing—respectfully move this Court to prospectively enjoin implementation of the payment threshold and interest accrual provisions, pending appeal to the Eighth Circuit.

Plaintiff States reiterate their position that they are likely to succeed on the merits of their claims—including those claims concerning the Final Rule's payment schedules and interest

---

[2] https://www.politico.com/news/2024/06/25/biden-administration-student-loan-repayment-appeal-00164820

[3] Plaintiff States are greatly concerned about certain language in the Defendants' Kansas briefing suggesting they may move forward with certain forgiveness under the SAVE Plan in violation of this Court's order.  Specifically, Defendants offer that "the Department has also ceased implementing the SAVE Plan's *shortened* timeline to forgiveness."  *Kansas*, ECF 81 at 4 (emphasis added).  Defendants' language suggests that they intend to still permit forgiveness for other borrowers under the SAVE Plan, in direct conflict with this Court's finding that "Congress has made clear under what circumstances loan forgiveness is permitted, and *the ICR plan is not one of those circumstances*."  ECF. 35, at 44; *see also id.* at 3 ("the Court finds it necessary to enjoin Defendants from *any further implementation of the Final Rule's loan forgiveness provisions* until this matter can be fully litigated." (emphasis added)); *id.* at 37 ("Granting Plaintiffs' requested injunctive relief would redress this impending harm by stopping *any additional forgiveness*." (emphasis added)); *id.* at 55 n.24 ("an injunction preventing *any further loan forgiveness* will adequately address any alleged harm." (emphasis added)).  Defendants should clarify whether the Department plans to forgive any SAVE Plan loans that are not on a "shortened timeline."

3

accrual—and incorporate their prior analysis of those issues here. *See* Doc. 10, at 31–48; Doc. 26, at 34–53. Indeed, the Kansas court's decision finding the *entire* Final Rule unlawful suggests Plaintiff States here have a fair chance of success on appeal. Plaintiff States offer two quick responses to this Court's ruling on the payment-threshold and interest provisions.

First, Plaintiff States have alleged harm from more than just the forgiveness provision. While that provision is perhaps the most damaging to the States, the interest accrual and payment-threshold changes also harm the States by making federal loans comparatively more attractive than the FFELP loans held by MOHELA and the loans offered by the Bank of North Dakota. The States in the Kansas case prevailed on a similar standing theory. *Kansas*, ECF 21, at 21–23. Forgiveness of interest accrual also harms MOHELA in the same way forgiveness in general does: it reduces the time MOHELA will be able to service accounts and thus reduces administrative servicing fees.

Second, this Court's opinion appears to conflate interest *accrual* and interest *capitalization*. While Plaintiff States agree with this Court that the Secretary has authority to limit how much accrued interest is then capitalized (*i.e.*, converted to principal), 20 U.S.C. § 1087e(e)(5), the Secretary's authority is limited to deciding whether and when accrued interest will capitalize or not; he has *no* authority to *forgive* interest, whether capitalized or uncapitalized. Indeed, the ICR statute requires repayment of the "unpaid principal amount of the loan, any *accrued interest*, and any fees." *Id*. § 1087e(e)(5) (emphasis added). The provision forgiving accrued interest should be enjoined pending appeal.

An injunction pending appeal is also appropriate for several additional reasons:

1. District courts throughout the Eighth Circuit have issued injunctions pending appeals so long as the legal questions are "substantial" or "close." *See, e.g.*, *Sweeney v. Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981) (substantial), *aff'd*, 669 F.2d 542 (8th Cir. 1982); *Perrin v. Papa Johns*

4

*Int'l, Inc.*, No. 4:09CV01335, 2014 WL 306250, at *2 (E.D. Mo. Jan. 28, 2014) (close); *see also Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986) ("It will ordinarily be enough that the [movant] has raised serious legal questions going to the merits, so serious, substantial, difficult as to make them a fair ground of litigation") (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)).

Here, as evidenced by the Kansas court's finding that the entire Final Rule is unlawful, substantial and close legal questions exist as to whether Congress delegated to the Secretary, under the ICR provisions, authority to set repayment schedules as low as $0 per month across the life of the loan and forgive interest payments. Judge Crabtree's opinion in Kansas found that the payment terms outlined in the Final Rule "go[] beyond Congress's limits—for the first time . . . without clear congressional authorization." *Kansas*, ECF 76, at 22–23. An injunction pending appeal would allow for all the challenged provisions to be reviewed by the appellate court together, without concern that certain provisions may be implemented prospectively. This is especially so in light of the Defendants' motion for stay before the Kansas court (and likely to be raised before the Tenth Circuit). There, the Defendants principally argue that the three remaining plaintiff states—Alaska, South Carolina, and Texas—lack standing to bring their claims, and noted that those states' instrumentality theories were found to be "different—and weaker" than that of Missouri through MOHELA. ECF 81, at 7. Defendants have asked for the Kansas court to rule by 3:00 p.m. today. *Id.*, at 17. Should Judge Crabtree agree to Defendants' request—or should they prevail in the Tenth Circuit on their standing argument—challenged portions of the Final Rule will be allowed to go into effect before appellate review. Such a fragmented approach should be avoided.

2. The Court's June 24, 2024 order enjoined the forgiveness provision of the Final Rule, while allowing other challenged provisions—namely those concerning payment terms and interest—to

5

proceed. As discussed fully in Plaintiffs' briefing, *see* Doc. 26, at 49–52, the Final Rule must stand (or fall) as a whole, especially where the Court found there was a "fair chance" that the Secretary was not statutorily authorized to promulgate the Final Rule's cornerstone. The language of Section 705 is clear that the Court may "postpone the effective date of an agency action." 5 U.S.C. § 705. The "agency action" here is the rule itself, which should be paused prospectively.

3. Defendants will suffer no harm from an injunction pending appeal with respect to provisions already subject to a preliminary injunction by order of Judge Crabtree in the District of Kansas. More generally, for the reasons the States have already presented, Defendants will not suffer any harm from any injunction pending appeal that applies prospectively, which is all that the States seek.

4. An injunction pending appeal is in the public interest. "There is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016). "[O]ur system does not permit agencies to act unlawfully even in pursuit of desirable ends." *Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 141 S. Ct. 2485, 2490 (2021) (per curiam). Here, allowing portions of the Final Rule to be implemented, while Courts determine whether they are a legal exercise of Defendants' statutory authority, risks the perpetuation of unlawful agency action if an appellate court later determines those provisions to be unlawful.

5. Defendants' delay in seeking relief in the Kansas court favors providing relief here. The Kansas court delayed effect of its injunction for six days (from June 24 to June 30) to permit Defendants time to seek appellate relief. *Kansas*, ECF 76, at 42. Defendants immediately announced to the public that they would appeal, but they did not file their stay motion in the district court until almost midnight last night, nearly four days after the district court's order. That left just one business day before the Final Rule is scheduled to go into full effect.

6

**Administrative Stay**

In the alternative, the States ask this Court to issue an administrative stay of parts of the Final Rule not already enjoined—specifically, the payment-threshold provisions and the interest accrual provision. This would permit the States time to seek an injunction pending appeal from the Eighth Circuit. That would avoid the whiplash that might occur if, for example, the Tenth Circuit were to lift the District of Kansas' injunction—only for the Eighth Circuit in this case to then impose an injunction against the same provisions.

The States ask that this Court enter this kind of temporary administrative stay by Sunday, June 30, 2024, staying Defendants from further implementing or effectuating provisions of the Final Rule until the Eighth Circuit rules on the States' forthcoming motion for an injunction pending appeal. *See, e.g.*, *A.B.-B. v. Morgan*, 548 F. Supp. 3d 209, 216 (D.D.C. 2020) (granting "an administrative stay to preserve the status quo pending [the Court's] ruling on plaintiffs' forthcoming motion for a preliminary injunction"); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 396 (5th Cir. 2020) (granting "a temporary administrative stay to consider carefully the motion for stay pending appeal"). If this Court grants an administrative stay, Plaintiff States will file their stay motion promptly in the Eighth Circuit.

\* \* \*

For those reasons, Plaintiffs respectfully request that the Court enter an injunction pending appeal prohibiting Defendants from implementing other provisions of the Final Rule—specifically, the two payment threshold provisions and the interest accrual provision. In the alternative, the States ask for a temporary administrative injunction lasting only long enough for the Eighth Circuit to rule on the States' forthcoming motion.

Date: June 28, 2024

**ANDREW BAILEY**
**Attorney General of Missouri**

/s/ Joshua M. Divine
Joshua M. Divine, #69875MO
   *Solicitor General*
Reed C. Dempsey #1697941DC
   *Deputy Solicitor General*
Samuel Freedlund, #73707MO
   *Deputy Solicitor General*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
Fax. (573) 751-0774
josh.divine@ago.mo.gov
reed.dempsey@ago.mo.gov
samuel.freeland@ago.mo.gov

*Counsel for Plaintiff*
*State of Missouri*
*Lead Counsel for State Plaintiffs*

**TIM GRIFFIN**
**Attorney General of Arkansas**

/s/Nicholas Bronni
Nicholas J. Bronni
   *Solicitor General*
Dylan L. Jacobs
   *Deputy Solicitor General*
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3661
Nicholas.Bronni@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

*Counsel for*
*State of Arkansas*

Respectfully Submitted,

**ASHLEY MOODY**
**Attorney General**

/s/James H. Percival
James H. Percival
   *Chief of Staff*
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

**CHRISTOPHER M. CARR**
**Attorney General**

/s/Stephen J. Petrany
Stephen J. Petrany
   *Solicitor General*
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for State of Georgia*

**DREW H. WRIGLEY**
**Attorney General**

/s/ Philip Axt
Philip Axt
   *Solicitor General*
North Dakota Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Telephone: (701) 328-2210
pjaxt@nd.gov

*Counsel for State of North Dakota*

**DAVE YOST**
**Ohio Attorney General**

/s/ T. Elliot Gaiser
T. Elliot Gaiser
   *Solicitor General*
Mathura J. Sridharan
   *Deputy Solicitor General*
Office of the Attorney General
365 East Broad Street
Columbus, Ohio 43215
Phone: (614) 466-8980
thomas.gaiser@ohioago.gov

*Counsel for Plaintiff State of Ohio*

**GENTNER DRUMMOND**
**Attorney General of Oklahoma**

/s/ Garry M. Gaskins, II
Gentner Drummond, OBA #16645
   *Attorney General*
Garry M. Gaskins, II, OBA #20212
   *Solicitor General*
Office of the Attorney General
State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
Fax:  (405) 522-4815
gentner.drummond@oag.ok.gov
garry.gaskins@oag.ok.gov

*Counsel for*
*State of Oklahoma*

9

**CERTIFICATE OF SERVICE & COMPLIANCE**

I certify that on June 28, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, consistent with Federal Rule of Civil Procedure 5(b).

I further certify that the foregoing document contains 7 pages, exclusive of matters designated for omission.

/s/ *Joshua M. Divine*

*Counsel for Plaintiff State of Missouri*
*Lead Counsel for Plaintiff States*