IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI, et al.,<br><br>   *Plaintiffs*,<br><br>v.<br><br>JOSEPH R. BIDEN, Jr., et al.,<br><br>   *Defendants*. | Civil Action No. 4:24-cv-00520-JAR |

**MOTION FOR CLARIFICATION**

Despite this Court's order "enjoin[ing] Defendants from *any* further implementation of the Final Rule's loan forgiveness provisions," ECF 35, at 3, 61 (emphasis added), Defendants said yesterday (only after prodding by Plaintiff States) that they interpret this Court's ruling to apply only to *some* of the Final Rule's forgiveness provisions.  The Final Rule authorizes forgiveness of loans at a "maximum time" of "20 years for borrowers with only undergraduate loans and 25 years for borrowers with any graduate loans," and then authorizes faster forgiveness (10 to 19 years) for about 43% of undergraduate borrowers.  *E.g.,* 88 Fed. Reg. 43,856, -891.  Defendants said yesterday they will stop forgiving only the 43% of loans eligible for forgiveness between 10 and 19 years, but they will continue forgiving the 57% of loans eligible for forgiveness between 20 and 25 years "for borrowers enrolled in SAVE."  ECF 44.

Plaintiff States move the Court to clarify what should have already been clear from this Court's injunction: the preliminary injunction prohibits "*any* further implementation of the Final Rule's loan forgiveness provisions," including those provisions that permit forgiveness between 20 and 25 years.  As this Court put it simply, "Congress has made it clear under what circumstances

1

loan forgiveness is permitted, and the ICR plan is not one of those circumstances." ECF 35, at 44 (emphasis added).

This Court has authority to enter this clarification. To ensure compliance with Rule 65, the Supreme Court has explained that districts courts have the "sound discretion" to "clarif[y]" the scope of their injunctions. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945) ("[W]e think courts would not be apt to withhold a clarification in the light of a concrete situation that left parties . . . in the dark as to their duty toward the court."); *see also Flavor Corp. of Am. v. Kemin Indus., Inc.,* 503 F.2d 729, 733 (8th Cir. 1974) ("[T]he District Court which issues an injunction has the same 'wide discretion' to clarify or define the original injunction as it has on consideration of a motion to vacate or modify.")

Plaintiff States respectfully request that the Court clarify that the June 24, 2024 Preliminary Injunction (ECF 36) does not permit Defendants to use ICR authority to forgive loans for any borrowers enrolled in the SAVE plan. Defendants may still, of course, use authority *other* than ICR authority to forgive loans, such as authority under the Income-Based Repayment program and the Public Service Loan Forgiveness program.

**ARGUMENT**

**1.** Defendants' argument that they can continue using ICR authority to forgive loans between 20 and 25 years "for borrowers enrolled in SAVE" is contrary to the plain text of this Court's order. In enjoining further forgiveness under SAVE, this Court found that "Congress has made it clear under what circumstances loan forgiveness is permitted, and *the ICR plan is not one of those circumstances*." ECF 35, at 44 (emphasis added); *see also id.* at 3 ("the Court finds it necessary to enjoin Defendants from *any further implementation of the Final Rule's loan forgiveness provisions* until this matter can be fully litigated" (emphasis added)); *id.* at 37

2

("Granting Plaintiffs' requested injunctive relief would redress this impending harm by stopping *any* additional forgiveness." (emphasis added)); *id.* at 55 n.24 ("an injunction preventing *any further loan forgiveness* will adequately address any alleged harm." (emphasis added)). The Court's ruling does not offer the carve-out Defendants now claim. Indeed, this Court reviewed the history of Defendants' use of ICR authority to forgive loans and then concluded that, "[d]espite this history, the plain text of the statute does not support Defendants' position." *Id.* at 43–44.

**2.** To get around this, Defendants assert that Plaintiff States did not challenge "the Department's preexisting programs . . . including other income-contingent repayment plans (*i.e.*, REPAYE)." ECF 44. But the REPAYE program no longer exists; it was replaced by SAVE. As Defendants state on their website, "The SAVE Plan replaced the Revised Pay As You Earn (REPAYE) Plan." *SAVE Plan Announcement*, Federal Student Aid (last visited June 29, 2024).[1] This Court expressly recognized as much: "The Final Rule creates a new income-driven repayment ('IDR') plan—referred to as the Savings on Valuable Education ('SAVE') plan—to *replace* the Revised Pay-As-You-Earn ('REPAYE') plan." ECF 35, at 1 (emphasis added); *see also id.* at 11 ("REPAYE may also be referred to as the Saving on Valuable Education (SAVE) plan"). And Defendants said the same in their briefs. *E.g.*, ECF 22, at 18 ("the Rule decreases monthly payments for REPAYE (now SAVE) borrowers"). A challenge to SAVE is thus necessarily a challenge to REPAYE, which became SAVE.[2]

In any event, Plaintiffs and this Court were quite clear that the ICR authority does not permit forgiveness, whether under SAVE or REPAYE. As repeated throughout Plaintiff States'

---

[1] https://studentaid.gov/announcements-events/save-plan
[2] Even if SAVE had not replaced REPAYE, Defendants would at most be permitted by the injunction to forgive loans on *other* plans, not loans enrolled in the SAVE plan. Defendants cannot rely on the previous existence of other plans to justify forgiving SAVE loans.

3

briefing, the statute does not provide "clear authority to forgive any student loans at all." ECF 10, at 33. This Court ruled the same, saying "Congress has made it clear under what circumstances loan forgiveness is permitted, and the ICR plan is not one of those circumstances." ECF 35, at 44.

**3.** Defendants' position makes no sense for the additional reason that they are trying to forgive loans between 20 and 25 years for borrowers who were never in any previous ICR program. According to the Department, as of last month, more than 8 million borrowers had enrolled in the SAVE Plan, including borrowers who were never enrolled in an income-driven program. *Biden-Harris Administration Announces Additional $7.7 Billion in Approved Student Debt Relief for 160,000 Borrowers*, Department of Education (May 21, 2024).[3] Under Defendants' interpretation, each of these borrowers is now eligible for forgiveness at or after 20 years, even if they had never been on an ICR plan before the Final Rule was published. Defendants are continuing to forgive loans under the SAVE plan for these borrowers despite this Court's order "enjoin[ing] Defendants from *any* further implementation of the Final Rule's loan forgiveness provisions." ECF 35, at 44. Forgiveness between 20 and 25 years *is* one of "the Final Rule's loan forgiveness provisions," so it is enjoined. *E.g.,* 88 Fed. Reg. 43,856 (imposing a "maximum time to forgiveness at 20 years for borrowers with only undergraduate loans and 25 years for borrowers with any graduate loans").

## CONCLUSION

In light of Defendants' admission that they are still forgiving the *majority* of loans for borrowers under the SAVE plan, Plaintiff States respectfully request that the Court clarify that its preliminary injunction "prohibits Defendants from using ICR authority to forgive loans for any borrowers enrolled in the SAVE plan."

---

[3] https://www.ed.gov/news/press-releases/biden-harris-administration-announces-additional-77-billion-approved-student-debt-relief-160000-borrowers

4

| | |
|---|---|
| Date: June 29, 2024 | Respectfully Submitted, |

**ANDREW BAILEY**
**Attorney General of Missouri**

/s/ Joshua M. Divine
Joshua M. Divine, #69875MO
   *Solicitor General*
Reed C. Dempsey #1697941DC
   *Deputy Solicitor General*
Samuel Freedlund, #73707MO
   *Deputy Solicitor General*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
Fax. (573) 751-0774
josh.divine@ago.mo.gov
reed.dempsey@ago.mo.gov
samuel.freeland@ago.mo.gov

*Counsel for Plaintiff*
*State of Missouri*
*Lead Counsel for State Plaintiffs*

**TIM GRIFFIN**
**Attorney General of Arkansas**

/s/Nicholas Bronni
Nicholas J. Bronni
   *Solicitor General*
Dylan L. Jacobs
   *Deputy Solicitor General*
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3661
Nicholas.Bronni@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

*Counsel for*
*State of Arkansas*

**ASHLEY MOODY**
**Attorney General**

/s/James H. Percival
James H. Percival
   *Chief of Staff*
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

**CHRISTOPHER M. CARR**
**Attorney General**

/s/Stephen J. Petrany
Stephen J. Petrany
   *Solicitor General*
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for State of Georgia*

**DREW H. WRIGLEY**
**Attorney General**

/s/ Philip Axt
Philip Axt
   *Solicitor General*
North Dakota Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Telephone: (701) 328-2210
pjaxt@nd.gov

*Counsel for State of North Dakota*

**DAVE YOST**
**Ohio Attorney General**

/s/ T. Elliot Gaiser
T. Elliot Gaiser
   *Solicitor General*
Mathura J. Sridharan
   *Deputy Solicitor General*
Office of the Attorney General
365 East Broad Street
Columbus, Ohio 43215
Phone: (614) 466-8980
thomas.gaiser@ohioago.gov

*Counsel for Plaintiff State of Ohio*

**GENTNER DRUMMOND**
**Attorney General of Oklahoma**

/s/ Garry M. Gaskins, II
Gentner Drummond, OBA #16645
   *Attorney General*
Garry M. Gaskins, II, OBA #20212
   *Solicitor General*
Office of the Attorney General
State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
Fax:  (405) 522-4815
gentner.drummond@oag.ok.gov
garry.gaskins@oag.ok.gov

*Counsel for*
*State of Oklahoma*

6

## CERTIFICATE OF SERVICE & COMPLIANCE

I certify that on June 29, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, consistent with Federal Rule of Civil Procedure 5(b).

I further certify that the foregoing document contains 4 pages, exclusive of matters designated for omission.

/s/ *Joshua M. Divine*

*Counsel for Plaintiff State of Missouri*
*Lead Counsel for Plaintiff States*