UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*, <br><br> *Defendants*. | Case No. 4:24-cv-520-JAR |

## DEFENDANTS' UNOPPOSED MOTION FOR LEAVE FROM THE OBLIGATION TO FILE AN ANSWER

Defendants respectfully request leave from the obligation to file an answer to the complaint, which is currently due this Monday, July 8. At a minimum, in the alternative, Defendants request that the Court at least stay that obligation pending resolution of dispositive motions in this case. As good cause for these requests, which Plaintiffs do not oppose, Defendants offer the following:

1. Plaintiffs filed their complaint on April 9, 2024, alleging that the SAVE Plan exceeded the Secretary of Education's statutory authority and violated the Administrative Procedure Act, 5 U.S.C. § 706. Compl. ¶¶ 161-272, ECF No. 1.

2. One week later, Plaintiffs moved for a stay of the Final Rule, or in the alternative a temporary restraining order and preliminary injunction. Pls.' Mots. for a Stay or, in the Alternative, a TRO & Prelim. Inj., ECF Nos. 6, 7.

3. On April 23, 2024, in response to scheduling proposals submitted by the parties, the Court entered a combined briefing schedule for Plaintiffs' motions and Defendants' forthcoming motion to dismiss. Scheduling Mem. & Order at 4, ECF No. 17.

4. Defendants moved, under Federal Rule of Civil Procedure 12, to dismiss the complaint on May 7, 2024. ECF No. 21.

5.  The Court denied the motion to dismiss on June 24, 2024. Mem. & Order, ECF No. 35. The Court also indicated that it would issue a separate scheduling order. Prelim. Inj., ECF No. 36.

6.  Currently, by operation of Rule 12(a)(4)(A), Defendants' deadline to file an answer to the complaint falls this Monday, July 8, 2024.

7.  Whether the Secretary had legal authority to promulgate the SAVE Plan is a question of law suitable for resolution at summary judgment. *See* Fed. R. Civ. P. 56(a). Plaintiffs' other claims likewise arise under the APA, and so are properly resolved on cross-motions for summary judgment on the basis of an administrative record. *See, e.g.*, *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001); *Biyani v. USCIS*, No. 4:22-cv-3032, 2022 WL 17326211, at *1 (D. Neb. Nov. 29, 2022) (citing cases). Under these circumstances and in a case like this one, Defendants filing an answer directed to the complaint's factual allegations would not be useful to the parties or the Court. *See* Pls.' Scheduling Proposal ¶ 4, ECF No. 16 ("This is not a fact-intensive case."). Accordingly, an answer would not meaningfully advance the litigation and would not serve the interests of judicial and party economy. And preparing and filing an answer in this case would be a significant undertaking, as Plaintiffs' complaint is lengthy, containing 272 numbered paragraphs.

8.  Before filing this motion, counsel for Defendants conferred with counsel for Plaintiffs, who reported that Plaintiffs do not oppose the relief requested in this motion.

9.  For these reasons, Defendants respectfully request that the Court waive their obligation to file an answer the complaint. At a minimum, in the alternative, Defendants request that the Court stay that obligation pending the resolution of the parties' eventual dispositive motions.

Dated: July 3, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Simon G. Jerome*
STEPHEN M. PEZZI (D.C. Bar No. 995500)
 Senior Trial Counsel
SIMON G. JEROME (D.C. Bar No. 1779245)
 Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-2705
Email: simon.g.jerome@usdoj.gov

*Counsel for Defendants*

3