# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI, et al., *Plaintiffs*, v. JOSEPH R. BIDEN, Jr., et al., *Defendants*. | Civil Action No. 4:24-cv-00520-JAR |

## REPLY IN SUPPORT OF MOTION FOR CLARIFICATION

Defendants have twisted themselves into knots to sidestep this Court's preliminary injunction. They say on the one hand that they are providing forgiveness only for people on "preexisting (and still operational) ICR plans," but then they admit that in fact borrowers are *not* on "preexisting" plans and instead are on a new "hybrid" plan, which Defendants created (without notice and comment) "due to this litigation." ECF 52 at 4–5, 9. That new "hybrid" plan purports to combine the benefit of the payment-amount adjustments from the SAVE plan with the (unlawful) forgiveness provisions of the older REPAYE plan. This of course is not a preexisting plan, as *no* borrower ever had the benefit of this "hybrid" plan. Indeed, Defendants admit that "[i]t is true" that "they are trying to forgive loans between 20 and 25 years for borrowers who were never in any previous ICR program." *Id.* at 12. And they admit there is nobody in the SAVE plan who is still enrolled anymore in either the REPAYE plan or PAYE plan. *Id.* at 4 (stating that "*all* SAVE borrowers (and *all* REPAYE borrowers, which, to be clear, *is the same group* of borrowers)" are enrolled in a new "hybrid" plan) (emphasis added). This Court should not permit Defendants to sidestep the plain text of this Court's preliminary injunction through this "sleight of hand." *Terry v. United States*, 593 U.S. 486, 494 (2021).

1

# ARGUMENT

**1.** While they do not dispute that Plaintiff States challenged every provision in the SAVE plan that purports to authorize forgiveness, Defendants wrongly contend that the SAVE plan authorizes forgiveness only between 10 and 19 years. ECF 52 at 9. The Final Rule directly contradicts this. It authorizes forgiveness not only on a faster timeline of 10-19 years, but also on a "maximum time" of "20 years for borrowers with only undergraduate loans and 25 years for borrowers with any graduate loans." *E.g.,* 88 Fed. Reg. 43,856–57. Thus, while it is true that the older plans also purportedly (and unlawfully) authorized forgiveness between 20 and 25 years, the authorization for forgiveness between 20 and 25 years in the SAVE plan "fully replace[d] REPAYE" authorization, as Defendants admit SAVE was designed to do. ECF 52 at 2. This Court's order expressly enjoined *all* forgiveness provisions under the SAVE plan, which necessarily includes both the provision purporting to authorize forgiveness between 10 and 19 years, and also the provision purporting to authorize forgiveness between 20 and 25 years.

That follows not only from the plain text of this Court's order, but also from the injuries to MOHELA that Plaintiff States have explained. Continuing to forgive accounts for borrowers who enrolled in the SAVE plan deprives MOHELA of administrative servicing fees it would otherwise receive. Forgiveness between 10 and 19 years harms MOHELA, as this Court has already concluded, but so does forgiveness between 20 and 25 years. Defendants cannot solve this problem by creating (without notice and comment) a new "hybrid" plan that no borrower has ever been on before. It was of course Defendants' choice to "fully replace REPAYE" with SAVE. *Id*. Now that this Court has preliminarily enjoined forgiveness in the rule that replaced REPAYE,

2

Defendants cannot (without notice and comment) create this new hybrid program that combines different elements of SAVE and REPAYE.[1]

**2.** Defendants assert that Plaintiff States did not challenge previous plans, but as Defendants admit, there are no borrowers on previous plans. *Id.* at 4. There are no borrowers, for example, receiving 20-year forgiveness under the REPAYE plan and also paying the higher amounts mandated by the REPAYE plan. All borrowers who *were* on previous plans, Defendants admit, are now on the new "hybrid" plan that Defendants created by mixing and matching different provisions in different plans in response to this Court's preliminary injunction. *Id.* at 4. Plaintiff States obviously cannot be faulted for not challenging a hybrid plan that did not exist until after this Court's preliminary injunction.

And in any event, Plaintiff States have consistently maintained throughout the complaint and briefing that Defendants have no authority under the ICR program to cancel loans. *E.g.*, ECF 26, at 61 ("[Plaintiff States] challenge the ability of Defendants to use ICR authority to engage in *any* forgiveness."); ECF 10, at 33 ("the Secretary has *no* authority to forgive loans under the ICR program"). Defendants suggest there is a statute of limitations bar to challenging older programs, but there are no borrowers on older programs, and Defendants ignore that the lower payment amounts created in SAVE aggravated or worsened any injury by making forgiveness more damaging to the Plaintiff States. The statute of limitations was triggered only within the last year.

---

[1] Further confirming that Defendants have tried to craft a new plan, the President tweeted yesterday that he has "proposed to cancel student debt for borrowers who still owe student loans even though they started repaying them more than two decades ago"—*i.e.*, he has proposed forgiving debt after between 20 and 25 years. https://x.com/POTUS/status/1810365744653238679 (July 8, 2024). This is of course a big change from the SAVE plan, which proposed to cancel loans for borrowers between 10 and 25 years. It is an announcement of his new hybrid plan, which has never gone through notice and comment.

3

**3.** Defendants further suggest that if this Court clarifies the injunction to prohibit forgiveness on the newly created "hybrid" REPAYE-SAVE plan, they will just shift to create a new hybrid PAYE-SAVE plan by mixing and matching provisions from SAVE with an even older ICR plan. *Id.* at 8. That too would be an improper attempt to sidestep this Court's injunction without notice and comment. As they elsewhere admit, there are no individuals on the PAYE plan who are enrolled in SAVE. *Id.* at 4 (stating that "all SAVE borrowers" "is the same group" as "all REPAYE borrowers").

**4.** Defendants' argument is also an exercise in futility. If they are able to evade this Court's injunction by creating "hybrid" plans that mix and match various provisions from various plans, then the Plaintiff States could quickly amend their complaint and challenge the newly created hybrid plan. Because this Court has already concluded that Defendants lack authority under the ICR provision to forgive loans, Plaintiff States could also immediately move for summary preliminary relief. (Plaintiff States could additionally obtain relief on the ground that Defendants have created a new plan without going through notice and comment in violation of the APA.)

At the very least, this Court should issue an injunction pending appeal for borrowers under this new "hybrid" plan that Defendants just invented. Plaintiff States are obviously likely to prevail on appeal given that this Court has already concluded that Defendants lack authority under the ICR provision to forgive loans.[2]

---

[2] Defendants note (at 3 n.1) that Plaintiff States have not yet moved for emergency relief in the Eighth Circuit. It of course is not possible to move for that relief while the motion for clarification remains pending in this Court.

4

## CONCLUSION

This Court should clarify that the preliminary injunction "prohibits Defendants from using ICR authority to forgive loans for any borrowers enrolled in or receiving any benefits under the SAVE plan."

Date: July 9, 2024

**ANDREW BAILEY**
**Attorney General of Missouri**

/s/ Joshua M. Divine
Joshua M. Divine, #69875MO
   *Solicitor General*
Reed C. Dempsey #1697941DC
   *Deputy Solicitor General*
Samuel Freedlund, #73707MO
   *Deputy Solicitor General*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
Fax. (573) 751-0774
josh.divine@ago.mo.gov
reed.dempsey@ago.mo.gov
samuel.freeland@ago.mo.gov

*Counsel for Plaintiff*
*State of Missouri*
*Lead Counsel for State Plaintiffs*

**TIM GRIFFIN**
**Attorney General of Arkansas**

/s/Nicholas Bronni
Nicholas J. Bronni
   *Solicitor General*
Dylan L. Jacobs
   *Deputy Solicitor General*
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3661
Nicholas.Bronni@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

*Counsel for*
*State of Arkansas*

Respectfully Submitted,

**ASHLEY MOODY**
**Attorney General**

/s/James H. Percival
James H. Percival
   *Chief of Staff*
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

**CHRISTOPHER M. CARR**
**Attorney General**

/s/Stephen J. Petrany
Stephen J. Petrany
   *Solicitor General*
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for State of Georgia*

**DREW H. WRIGLEY**
**Attorney General**

/s/ Philip Axt
Philip Axt
   *Solicitor General*
North Dakota Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Telephone: (701) 328-2210
pjaxt@nd.gov

*Counsel for State of North Dakota*

**DAVE YOST**
**Ohio Attorney General**

/s/ T. Elliot Gaiser
T. Elliot Gaiser
   *Solicitor General*
Mathura J. Sridharan
   *Deputy Solicitor General*
Office of the Attorney General
365 East Broad Street
Columbus, Ohio 43215
Phone: (614) 466-8980
thomas.gaiser@ohioago.gov

*Counsel for Plaintiff State of Ohio*

**GENTNER DRUMMOND**
**Attorney General of Oklahoma**

/s/ Garry M. Gaskins, II
Gentner Drummond, OBA #16645
   *Attorney General*
Garry M. Gaskins, II, OBA #20212
   *Solicitor General*
Office of the Attorney General
State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Fax: (405) 522-4815
gentner.drummond@oag.ok.gov
garry.gaskins@oag.ok.gov

*Counsel for*
*State of Oklahoma*

**CERTIFICATE OF SERVICE & COMPLIANCE**

I certify that on July 9, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, consistent with Federal Rule of Civil Procedure 5(b).

I further certify that the foregoing document contains 5 pages, exclusive of matters designated for omission.

/s/ *Joshua M. Divine*

*Counsel for Plaintiff State of Missouri*
*Lead Counsel for Plaintiff States*