IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civil Action No. 4:24-cv-000520-JAR |

**MOTION FOR EXPEDITED BRIEFING AND CONISDERATION OF INTERVENOR'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION AND MOTIONS FOR LEAVE TO INTERVENE AND LEAVE TO EXCEED THE PAGE LIMIT.**

Intervenor respectfully requests this Court to order expedited briefing and consideration of his Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 74). To the extent necessary to effectuate the expedited consideration of that Motion, Intervenor further requests expedited briefing and consideration of the related Motion for Leave to Intervene (ECF No. 72) and Motion for Leave to Exceed Page Limit for Memorandum in Support of Motion for Leave to Intervene (ECF No. 73).

To ensure effective relief, prevent further harm, and maintain the status quo, Intervenor respectfully requests that this Court issue its rulings on the requests for intervention, for leave to exceed the page limit on the memorandum supporting the requests for intervention, and for a temporary restraining order ("TRO") or preliminary injunction by July 30, 2025.

Intervenor appreciates the burden expedited consideration imposes on the Court. However, it appears necessary in this instance given the Government's intention to remove the zero-interest forbearance and restart interest accrual as of August 1, 2025, just nine (9) days from now. *See Trump v. CASA, Inc.*, No. 24A884 at Pg.9 (Jun. 27, 2025) (slip opinion) (Kavanaugh, J.,

1

concurring) (explaining that while federal courts may not be well equipped to make significant decisions in an expedited manner they are required to do so as federal law provides that courts are open 24/7/365 to receive and review requests for relief) (citing 28 U.S.C. § 452 "All courts of the United States shall be deemed always open for the purpose of filing proper papers . . . and making motions and orders").

It also appears that the buffer between the Court's ruling and the intended restart date is warranted in this instance. If the Court rules for the Government, Intervenor needs time to seek review from the Eighth Circuit. If it rules for Intervenor, sufficient time is needed to ensure the implementation of the ordered relief.

Intervenor recognizes the unusual nature of the request but believes it necessary for at least two reasons. First, Intervenor seeks specific injunctive relief, as opposed to universal relief which would pause the restart on all SAVE Plan loans, in accordance with the Supreme Court's decision in *CASA, Inc.*, No. 24A884 at Pg. 25-26 (Jun. 27, 2025) (slip opinion) (holding that the lower courts exceed their authority in granting universal injunctive relief). It seems likely that ensuring a pause of interest restart and accrual on just one individual's loans may require more effort than a blanket pause on all SAVE Plan loans.

Second, in recent cases the Government has asserted that it was not required to comply with ordered relief that was not reduced to writing yet or that the court issued the order granting relief too late for it comply. *See e.g., J.G.C., et al. v. Trump*, No. 25-5067, Doc. No. 2107881 at 93 (Millett, J., concurring) (recounting the Government's position that oral orders directing a plan that had already taken off to return were not enforceable and the Government's repeated position that injunctive orders have no effect until reduced to writing); s*ee also* Marc Caputo, Exclusive: How the White House ignored a judge's order to turn back deportation flights, AXIOS, Mar. 16,

2025, https://www.axios.com/2025/03/16/trump-white-house-defy-judge-deport-venezuelans ("A second administration official said Trump was not defying the judge whose ruling came too late for the planes to change course . . ..) (emphasis added).

Out of respect for the Court's time Intervenor did not request an emergency hearing on the motions as it appears that written briefings may be sufficient to evaluate Intervenor's requests. However, if the Court determines that a hearing is necessary, Intervenor respectfully requests that it occur in time to allow the Court to render a decision by July 30, 2025. If it is necessary, Intervenor requests the Court permit him to attend virtually due to the distance he resides from the Court. If, however, the Court requires his attendance, Intervenor will comply.

For those reasons, Intervenor respectfully requests that the Court:

1. Order expedited briefing of and issue rulings on his request for a TRO or preliminary injunction (ECF No. 74), and the motions underlying that request (ECF Nos. 72 and 73) by July 30, 2025;
2. If such is infeasible, issue a fourteen-day TRO to maintain the status quo while the Court considers the Motions;
3. If it determines that a hearing is necessary, schedule such hearing in time for the Court to render a decision prior to July 30, 2025;
4. If a hearing is scheduled, permit Intervenor to appear virtually; and
5. Order all other relief that it deems necessary.

Date: July 23, 2025

                                            Respectfully submitted,

                                            */s/ Taylor A. Story*
                                            Taylor A. Story
                                            Intervenor
                                            244 Exuma Way, Apt. 121
                                            Santa Rosa Beach, FL 32459
                                            (850) 419-6730
                                            taylorstory2025@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on July 23, 2025, a true and accurate copy of the foregoing document was sent via email to all counsel of record.

Service upon a represented party must be made on the party's attorney, Fed. R. Civ. P. 5(b)(1), through the Court's ECF system or through other electronic means that the person has consented to, Fed. R. Civ. P. 5(b)(2). Consistent with Local Rule 2.12(A) and Section II(G) and Appendix B, of the District's Case Management/Electronic Filing (CM/ECF) Procedures, such service has been made via email to all counsel of record, which constitutes effectives service.

*/s/ Taylor A. Story*
Taylor A. Story
Intervenor
244 Exuma Way, Apt. 121
Santa Rosa Beach, FL 32459
(850) 419-6730
taylorstory2025@gmail.com