UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| STATE OF MISSOURI, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:24-cv-00520-JAR |
| DONALD J. TRUMP, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions filed by Proposed Intervenor Taylor A. Story. On July 21, 2025, Story filed a motion for leave to intervene (ECF No. 72), a motion for leave to file in excess of the page limit (ECF No. 73), and a motion for temporary restraining order or preliminary injunction (ECF No. 74). On July 23, 2025, Story filed a motion for expedited briefing and consideration of his motions, asking the Court to conduct full briefing and rule on his motions before July 30, 2025. ECF No. 76. For the reasons set forth below, the Court will (1) grant Story's motion for leave to file in excess of the page limitation, (2) grant in part and deny in part his motion for expedited briefing and consideration, (3) deny his motion to intervene, and (4) deny his motion for a temporary restraining order or preliminary injunction.

### Background

The Court need not provide an extensive history of this litigation as it has been set forth in prior orders. As relevant to Story's motions, on June 24, 2024, the Court granted in part the Plaintiffs' motion for a preliminary injunction (ECF No. 35) and preliminarily enjoined Defendants from forgiving student loans under the Final Rule's SAVE plan (ECF No. 36). The Eighth Circuit later affirmed the Court's grant of the preliminary injunction and instructed the

Court to modify the preliminary injunction to enjoin the entire Final Rule as well as the hybrid rule implemented by the Defendants following the Court's entry of the preliminary injunction. ECF Nos. 65 and 66. On April 14, 2025, as directed, the Court entered a modified preliminary injunction enjoining Defendants from implementing the SAVE plan and the hybrid rule. ECF No. 69.

On July 21, 2025, Story filed his motion to intervene under Federal Rule of Civil Procedure 24(a) or (b). He claims that, following this Court's entry of the preliminary injunctions, the Department of Education (the "Department") placed all student loans governed by the Final Rule's SAVE plan into interest-free forbearance while the litigation remains pending. The balance on the loans subject to this forbearance should not change until the forbearance period ends, the borrower makes a payment, or the loans are no longer governed by the SAVE plan. Story claims that, despite his loans governed by the SAVE plan being placed in this interest-free forbearance by the Department following this Court's preliminary injunctions, the balances on his loans have increased.

On July 15, 2025, the Department sent Story notice that it plans to restart interest accrual on his loans on August 1, 2025. The notice also states that "[b]ecause interest has not accrued, your federal student loan balance (which includes principal and interest) has not grown during your forbearance." ECF No. 73-1 at 62. Story disagrees and has attempted to discuss the discrepancies in his loan balances with his loan servicer (MOHELA) and the Department, but neither have provided him a sufficient explanation for the increases in the balances. Frustrated by his inability to resolve these issues, Story now seeks to intervene in this case. Specifically, he seeks a temporary restraining order or preliminary injunction enjoining Defendants from restarting interest accrual on all loans currently in forbearance under the SAVE plan until the

2

Department "rectifies the erroneous sums added to [his] loan during the zero-interest forbearance period." ECF No. 74.

### Legal Standard

Under Federal Rule of Civil Procedure 24(a)(2):

> [a] court must permit anyone to intervene who: (1) files a timely motion to intervene; (2) claims an interest relating to the property or transaction that is the subject of the action; (3) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) is not adequately represented by the existing parties.

*Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1004 (8th Cir. 2020) (cleaned up). "To satisfy the 'interest' and 'impediment' requirements, a party must show more than a mere economic interest; rather, the interest must be 'direct, substantial, and legally protectable.'" *Eischeid v. Dover Const., Inc.*, 217 F.R.D. 448, 468 (N.D. Iowa 2003) (quoting *Curry v. Regents of Univ. of Minn.*, 167 F.3d 420, 423 (8th Cir. 1999)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Id.* (quoting *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998)).

Under Rule 24(b)(1)(B), the Court may permit intervention when the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." "The decision to grant or deny a motion for permissive intervention is wholly discretionary." *South Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *Id.*

On a motion to intervene, the court accepts as true all material allegations in the motion and construes the motion in favor of the prospective intervenor. *United States v. Reilly Tar & Chem. Corp.*, 43 F.4th 849, 855 (8th Cir. 2022). "Rule 24 should be construed liberally, with all

3

'doubts resolved in favor of the proposed intervenor.'" *Nat'l Parks Conservation Ass'n v. EPA*, 759 F.3d 969, 974 (8th Cir. 2014) (citation omitted). "However, while Rule 24 promotes judicial economy by facilitating, where constitutionally permissible, the participation of interested parties in others' lawsuits, the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend." *Eischeid*, 217 F.R.D. at 467 (citing *Curry*, 167 F.3d at 423).

## Discussion

The Court will grant in part and deny in part Story's motion for expedited briefing and consideration. Because the Court can decide the issues in Story's motions without additional briefing from the parties, the Court will not grant his motion as it pertains to expedited briefing. But the Court will grant Story's motion as it relates to expedited consideration.

While the Court is sympathetic to the plight faced by Story and other borrowers facing similar situations, Story does not have a right to intervene in this action. Story lacks a sufficient interest allowing him to intervene as a matter of right because his interest is too remote from the subject matter of this litigation. True, Story is a borrower that has been affected by this Court's orders relating to the Final Rule's SAVE plan. But upon a thorough review of the materials he has submitted, the Court finds that Story's grievances simply lack a sufficient connection to this litigation.

In bringing this action, Plaintiffs challenge the validity of the Final Rule and seek to have it set aside as violative of the separation of powers doctrine and/or for violations of the Administrative Procedure Act. ECF No. 1. In contrast, Story seeks to intervene in hopes that the Court will grant him injunctive relief related to the Department's mishandling of his specific loan balances so he will not suffer future economic harm. As Story himself states in his motion to intervene, he "takes no position on the validity of the SAVE Plan." ECF No. 73-1 at 20. The

4

fact that Story owes balances on student loans held by the Department and that those balances and the servicing of his loans have been affected by the preliminary injunctions issued by the Court does not provide him a right to intervene in this action.  Despite his arguments to the contrary, his economic interest alone is insufficient under the Rule.

The Court also is not convinced that the disposition of this action without Story's intervention will impede or impair his ability to protect his interest.  Story argues that he has no other remedy but to intervene in this matter because all of his previous attempts to resolve his issues with his loan servicer or the Government have failed.  But Story does not explain why he must intervene in this specific action to obtain the relief he seeks.[1]  Again, Story complains of issues with his loan balances that have only the most remote connection to the issues to be decided in this action.  For these reasons, the Court will deny Story's motion to intervene as a matter of right under Rule 24(a).

Likewise, the Court finds no basis to allow Story permissive intervention in this matter.  The question raised by Plaintiffs is whether the Final Rule's SAVE plan violates separation of powers and/or the APA.  In contrast, Story seeks relief for his personal grievances related to his specific loan balances and seeks to enjoin Defendants from taking any action related to interest accrual for all loans subject to the SAVE plan until his personal grievances are resolved.  These are legally distinct questions of law and fact.

Additionally, permitting Story to litigate these specific grievances in this case would unduly delay or prejudice Defendants.  Allowing Story to intervene would not only require Defendants to litigate the legality of Final Rule but would also require Defendants to separately

---

[1] The Court makes no determination on the merits of Story's allegations and otherwise takes no position as to whether Story's allegations entitle him to judicial relief in a separate action.

litigate the alleged mishandling of Story's specific loan balances during the forbearance period. Granting his motion would also potentially invite all other borrowers with similar grievances to intervene, thus requiring Defendants to litigate those claims too. An appropriate accounting of the balance for any individual loans for any individual borrowers who have opted into the SAVE plan and remain in forbearance is outside of the scope of this declaratory judgment action, and the Court will therefore deny Story's motion for permissive intervention under Rule 24(b).

Because the Court finds that Story cannot intervene as a matter of right and otherwise should not be permitted to intervene in this action, it need not address Story's arguments related to standing. Also, because the Court will deny Story's motion to intervene, his motion for temporary restraining order or preliminary injunction will be denied as moot.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Proposed Intervenor Taylor A. Story's motion to file in excess of page limitation is **GRANTED**. ECF No. 73.

**IT IS FURTHER ORDERED** that Proposed Intervenor Taylor A. Story's motion for leave to intervene is **DENIED**. ECF No. 72.

**IT IS FURTHER ORDERED** that Proposed Intervenor Taylor A. Story's motion for temporary restraining order or preliminary injunction is **DENIED as moot**. ECF No. 74.

**IT IS FURTHER ORDERED** that Proposed Intervenor Taylor A. Story's motion for expedited briefing and consideration of his motions is **GRANTED in part** and **DENIED in part**. ECF No. 76.

Dated this 24th day of July, 2025.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**