UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STATE OF MISSOURI, *et al.*,

    *Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

    *Defendants*.

Case No. 4:24-cv-520-JAR

## JOINT MOTION FOR ENTRY OF FINAL JUDGMENT

The States of Missouri, Arkansas, Florida, Georgia, North Dakota, Ohio, and Oklahoma ("Plaintiffs") and the United States Department of Education, Linda E. McMahon (in her official capacity as Secretary of Education), and President Donald J. Trump (in his official capacity as President of the United States) ("Defendants" and collectively "the Parties"), have reached an agreement to settle this case. In accordance with that Settlement Agreement and with the decision of the Eighth Circuit in *Missouri v. Biden*, 128 F.4th 979 (8th Cir. 2025), the parties jointly move for entry of a final judgment in the form of the joint proposed final judgment that is set forth below.

### BACKGROUND

On April 9, 2024, Plaintiffs filed a complaint challenging the legality of portions of a final rule titled *Improving Income Driven Repayment for the William D. Ford Federal Direct Loan Program and the Federal Family Education Loan (FFEL) Program*, 88 Fed. Reg. 43,820 (July 10, 2023), and subsequently filed a motion for preliminary injunction. ECF Nos. 1, 7. On June 24, 2024, this Court issued a preliminary injunction, enjoining Defendants "from any further forgiveness for borrowers under the Final Rule's SAVE plan." ECF No. 36. The Parties cross-appealed. ECF Nos. 37, 42.

1

On August 9, 2024, a motions panel of the Eighth Circuit issued an injunction pending appeal "enjoin[ing] any further forgiveness of principal or interest, from not charging borrowers accrued interest, and from further implementing SAVE's payment-threshold provisions." *Missouri v. Biden*, 112 F.4th 531 (8th Cir. 2024). And on February 24, 2025, the Eighth Circuit affirmed this Court's entry of a preliminary injunction, holding that Plaintiffs were "likely to succeed in their challenge to the SAVE Rule's forgiveness provision." *Missouri v. Trump*, 128 F.4th 979, 996 (8th Cir. 2025).

Defendants did seek any further appellate review of the Eighth Circuit's opinion. On April 14, 2025, this Court entered an order implementing the Eighth Circuit's mandate. ECF Nos. 69.

## JOINT STIPULATION AND REQUEST FOR FINAL JUDGMENT

Since the Eighth Circuit's opinion affirming this Court's preliminary-injunction order, the parties have conferred about appropriate next steps in this case that will best serve the interests of judicial economy. Based on those discussions, and in light of the reasoning and legal conclusions reached by this Court and by the Eighth Circuit, the parties agree that the most efficient course of action in this case is for the Court to enter a final judgment that is consistent with this Court's and the Eighth Circuit's orders, and with the parties' negotiated Settlement Agreement. In short, even if the Department of Education intended to defend the Final Rule at issue in this case, the government's core arguments have now been rejected by the Eighth Circuit, in a precedential opinion of which Defendants did not seek further review. In addition, recent legislation has significantly altered the regulatory regime surrounding student-loan repayment plans. Under these circumstances, further litigation on the merits would likely not serve any useful purpose. All parties thus agree that entry of a final judgment, consistent with this Court's and the Eighth Circuit's orders, is therefore warranted. *See, e.g.*, *FTC v. Assail, Inc.*, 98 F. App'x 316, 317 (5th Cir. 2004) (noting that district courts "ha[ve] the power to convert" preliminary relief into permanent relief); *cf. Ecolab, Inc. v. Morisette*, 879 F.2d 325, 327 (8th Cir. 1989) (affirming district court order entering final judgment following its denial of a preliminary injunction, because the claims at issue were based on pure questions of law).

Accordingly, consistent with the parties' Settlement Agreement and Eighth Circuit precedent,[1] the parties jointly request entry of the following final judgment:

### [PROPOSED] ORDER AND FINAL JUDGMENT

Upon consideration of the parties' joint motion for entry of final judgment, the prior orders and opinions in this case, and the entire record herein, it is hereby

**ORDERED** that the parties' joint motion is **GRANTED**; it is further

**ORDERED** that the SAVE Plan Final Rule (*i.e.*, the Final Rule published on July 10, 2023 at 88 Fed. Reg. 43,820), will be vacated, with one exception. The exception is for the provision concerning the periods of deferment or forbearance that are eligible for income-driven repayment plans, which is codified at 34 C.F.R. § 685.209(k)(4)(iv), which took effect on July 1, 2024, and the legality of which was never challenged in this case. That provision will remain in effect.

Other than that exception, the SAVE Plan Final Rule is hereby **VACATED** in full; it is further

**ORDERED** that all previous orders in this case are **VACATED**; and it is further

**ORDERED** that this case is now closed.

**SO ORDERED.**

---

[1] The proposed final judgment provides that the Rule be vacated pursuant to 5 U.S.C. § 706. It is the position of the Department of Justice that the Administrative Procedure Act (APA) does not authorize a court to vacate an agency rule, and that if vacatur is an available remedy, then like all equitable remedies, such relief must be subject to traditional equitable limitations, including the principle of party-specific relief. The Department acknowledges, however, that there is substantial authority opposing this position in some circuits, including the Eighth Circuit, though the Supreme Court has not definitively resolved the issue. In jointly requesting with Plaintiffs that the Court enter the parties' proposed final judgment, the Department agrees not to pursue that argument further in this case, but it reserves the right to continue to advance that position in other cases.

Date:   December 9, 2025                           Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Branch Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI
Florida Bar No. 1041279
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*

| | |
|---|---|
| CATHERINE L. HANAWAY<br>Missouri Attorney General<br><br>LOUIS J. CAPOZZI, III<br>Solicitor General<br><br>/s/ Louis J. Capozzi III<br>Louis J. Capozzi, III, #77756(MO)<br>   *Solicitor General*<br>Peter F. Donohue Sr., #758835(MO)<br>   *Deputy Director of Special Litigation*<br>Graham Miller #77656(MO)<br>   *Deputy Solicitor General*<br>Missouri Attorney General<br>815 Olive Street, Suite #200<br>St. Louis, MO 65101<br>(314) 340-7652 Phone<br>Louis.Capozzi@ago.mo.gov<br>Peter.Donohue@ago.mo.gov<br>Graham.Miller@ago.mo.gov<br><br>*Counsel for State of Missouri*<br>*Lead Counsel for State Plaintiffs* | TIM GRIFFIN<br>Arkansas Attorney General<br><br>Autumn Hamit Patterson<br>   *Solicitor General*<br>Dylan L. Jacobs<br>   *Deputy Solicitor General*<br>Office of the Arkansas Attorney General<br>323 Center Street, Suite 200<br>Little Rock, AR 72201<br>(501) 682-3661<br>Autumn.Patterson@arkansasag.gov<br>Dylan.Jacobs@arkansasag.gov<br><br>*Counsel for State of Arkansas* |
| JAMES UTHMEIER<br>Florida Attorney General<br><br>Christine Kimberly Pratt<br>Office of the Attorney General<br>The Capitol, Pl-01<br>Tallahassee, Florida 32399-1050<br>(850) 414-3300<br>(850) 410-2672 (fax)<br>christine.pratt@myfloridalegal.com<br><br>*Counsel for State of Florida* | CHRISTOPHER CARR<br>Georgia Attorney General<br><br>Stephen J. Petrany<br>   *Solicitor General*<br>Office of the Attorney General<br>40 Capitol Square, SW<br>Atlanta, Georgia 30334<br>(404) 458-3408<br>spetrany@law.ga.gov<br><br>*Counsel for State of Georgia* |

DREW H. WRIGLEY
North Dakota Attorney General

Philip Axt
   *Solicitor General*
North Dakota Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Telephone: (701) 328-2210
pjaxt@nd.gov

*Counsel for State of North Dakota*

GENTNER DRUMMOND
Oklahoma Attorney General

Gentner Drummond, OBA #16645
   *Attorney General*
Garry M. Gaskins, II, OBA #20212
   *Solicitor General*
Office of the Attorney General
State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Fax: (405) 522-4815
gentner.drummond@oag.ok.gov
garry.gaskins@oag.ok.gov

*Counsel for State of Oklahoma*

DAVE YOST
Ohio Attorney General

Mathura J. Sridharan
   *Solicitor General*
Office of the Attorney General
365 East Broad Street
Columbus, Ohio 43215
Phone: (614) 466-8980
mathura.sridharan@ohioago.gov

*Counsel for Plaintiff State of Ohio*