UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00520-JAR |
| | ) | |
| DONALD J. TRUMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on the parties' joint motion for entry of final judgment (ECF No. 91). Plaintiffs brought this action against Defendants on April 9, 2024 to challenge a Final Rule[1] promulgated by the Secretary of Education implementing a revised income contingent repayment plan for certain borrowers of federal student loans, referred to as the Savings on Valuable Education ("SAVE") plan. Eligible borrowers enrolled in the SAVE plan were generally responsible for lower incremental repayments, relieved of interest accrual, and received forgiveness of their loan balance after a certain period of time. Plaintiffs challenged the Final Rule arguing in part that the Secretary of Education lacked statutory authority to forgive loans through an income contingent repayment plan. Plaintiffs sought a preliminary injunction to halt further implementation of the plan while litigation proceeded.

On June 24, 2024, the Court entered an order finding that Plaintiffs were likely to succeed on their claim that the Secretary of Education had exceeded authority, and the Court preliminarily enjoined Defendants from granting further loan forgiveness under the SAVE plan

---

[1] Improving Income Driven Repayment for the William D. Ford Federal Direct Loan Program and the Federal Family Education Loan (FFEL) Program, 88 Fed. Reg. 43,820 (July 10, 2023).

during the pendency of this case.  (ECF Nos. 35, 36).  Both parties cross-appealed.  (*see* ECF Nos. 37, 42).  Defendants continued to defend the validity of the SAVE plan and sought vacatur of the preliminary injunction.  Plaintiffs sought an expansion of the preliminary injunction.  The Eighth Circuit affirmed the preliminary injunction and instructed the Court to broaden it to enjoin not just loan forgiveness under the SAVE plan but the entire Final Rule as well as the hybrid rule Defendants implemented after the initial preliminary injunction was entered to revive loan forgiveness on pre-amendment timelines (*see* ECF Nos. 65 and 66).  On April 14, 2025, the Court entered an order expanding the preliminary injunction in accordance with the Eighth Circuit's instructions (ECF No. 69).

During the Eighth Circuit's consideration of the interlocutory appeal, the presidential administration changed.  President Donald J. Trump and Secretary of Education Linda McMahon were substituted as defendants in place of former President Joseph R. Biden, Jr. and former Secretary of Education Miguel Cardona (in their official capacities).  This change in administration undoubtedly affected the nature of the parties and raised the question of whether Defendants would continue to defend the SAVE plan or abandon the litigation.  Following the administration change, Defendants did not seek further review of the preliminary injunction.  And since then, Defendants have taken no further steps to defend the Final Rule or the SAVE plan specifically, which is now nearly defunct.  As the parties alluded in their joint motion, on July 4, 2025, President Trump signed into law the One Big Beautiful Bill Act, Pub. L. No. 119-21, which effectively ends the SAVE plan, with a phasing out period.  The parties now jointly seek the same relief in this case, which is to place the final nail in the coffin of the SAVE plan.

According to the joint motion now before the Court, the parties agree that "further litigation on the merits would likely not serve any useful purpose," and they have entered into a

negotiated settlement agreement.  (ECF No. 91 at p. 2).  The settlement agreement itself was not presented to the Court; thus, the Court does not herein venture to review or approve of its terms, nor have the parties requested that the Court do so or cited authority requiring such action. Typically, when parties reach a settlement like the one in this case, they file a stipulation of dismissal.  In this case, however, Plaintiffs have not requested to voluntarily dismiss the case. Instead—and despite Defendants' apparent position that the Administrative Procedure Act "does not authorize a court to vacate an agency rule" (ECF No. 91 at 3 n. 1)—the parties have jointly asked the Court to enter a final judgment on the merits vacating the Final Rule (with the exception of one provision not specifically challenged here).  However, given the apparent lack of adversity between the parties, which has existed for many months, and their ability to mutually achieve the relief originally sought without further intervention from the Court, it appears that there is no longer a live case or controversy sufficient to authorize the Court to enter a judgment on the merits.

    Article III allows federal courts to exercise jurisdiction only over cases or controversies. *Schanou v. Lancaster Cnty. Sch. Dist. No. 160*, 62 F.3d 1040, 1042 (8th Cir. 1995).  For a case or controversy to exist, there must be "a definite and concrete controversy involving adverse legal interests at every stage in the litigation."  *Id*. (internal quotations omitted).  If the parties are no longer adverse, the controversy is extinguished, and the Court is divested of jurisdiction to rule on the merits.  *See Moore v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 47, 48 (1971) (holding that no Article III case or controversy exists where the parties to an action are not adverse and desire "precisely the same result"); *FBI v. Fikre*, 601 U.S. 234, 241 (2024) (when "events in the world overtake those in the courtroom, and a complaining party manages to secure outside of litigation all the relief he might have won in it… a federal court must dismiss the case

as moot."); *see also Texas v. Azar*, 476 F. Supp. 3d 570, 578 (S.D. Tex. 2020) (dismissing case and declining to enter declaration as to the legality of the regulation at issue where the defendant did not intend to enforce the regulation against plaintiff and the parties agreed as to the alleged illegality of such enforcement, regardless of the potential that the agency may change its stance under a future presidential administration). What the parties seek is a ruling on the merits as to the validity of a rule no party intends to continue to defend, and which has effectively ended via congressional action. Such a ruling is not permitted by Article III.[2] *See Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982) (federal courts "do not sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before us.").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice as moot. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th Day of February, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2] It is not lost on the Court that millions of borrowers who enrolled in the SAVE plan have patiently awaited clarity while this litigation has proceeded. However, that clarity must come from the Department of Education, and not from this Court, which is no longer empowered to weigh the merits of a case that is now moot.