IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>    *Defendants.* | Civil Action No. 4:24-cv-00520-JAR |

**MOTION FOR STAY OF DISMISSAL PENDING APPEAL**

As directed in Fed. R. App. P. 8(a)(1)(A), Plaintiff States move this Court for an administrative stay of its order dismissing this case without prejudice to give the Eighth Circuit time to consider the States' forthcoming motion for a stay in that court. The States seek relief by Wednesday, March 4, 2026 at 5:00pm.

**Administrative Stay**

This Court "has jurisdiction to grant the stay because it preserves the without-prejudice dismissal until the [Eighth] Circuit reviews the case." *Day v. 21st Century Centennial Ins. Co.*, Case No. 8:22-cv-0058, 2022 WL 797597, at *2 (M.D. Fla. Mar. 16, 2022). The States ask this Court to respect the Eighth Circuit's prior ruling directing this Court "to enjoin the entire SAVE Rule." *Missouri v. Trump*, 128 F.4th 979, 998 (8th Cir. 2025). This Court's dismissal effectively renders its preliminary injunction in compliance with the Eighth Circuit's order a "nullity." *Maxxim Med., Inc. v. Michelson*, 182 F.3d 915, 1999 WL 423112, at *3 (5th Cir. 1999) (unpublished).

With respect, the Court's *sua sponte* dismissal is incorrect. A case does not become moot or non-adverse simply because the parties wish to settle. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994) (noting courts

1

can retain jurisdiction to enforce a settlement agreement ending a case).  The Court's contrary conclusion here is especially erroneous because the parties have already vigorously litigated this case's merits—both before this Court and before the Eighth Circuit, which held that the SAVE Rule is unlawful.  *See Missouri v. Trump*, 128 F.4th at 991–96.  With this case's merits having effectively already been decided, the parties jointly asked this Court to enter judgment—a formality designed to prevent the wasting of judicial resources on duplicative merits litigation.  *See, e.g.*, *FTC v. Assail, Inc.*, 98 F. App'x 316, 317 (5th Cir. 2004) (noting district courts "ha[ve] the power to convert" preliminary relief into permanent relief).

Even assuming the Court retained discretion not to enter a final judgment that all parties consented to, the appropriate next step is to adjudicate the case on the merits—not dismiss for lack of jurisdiction.  *Cf. Ecolab, Inc. v. Morisette*, 879 F.2d 325, 327 (8th Cir. 1989) (affirming district court's entering final judgment following its denial of a preliminary injunction).  The SAVE Rule is still in effect; only this Court's preliminary injunction prevented enforcement of it.  Because of the Court's ruling, individuals could start applying for student loan relief once again.[1]  That could lead to precisely the harms that the Eighth Circuit already said should not be inflicted on States.  *See Missouri v. Trump*, 128 F.4th at 989–91.

---

[1] *See, e.g.*, Adam S. Minksy, *Student Loans In SAVE Plan Thrust Into New Uncertainty After Major Court Ruling*, Forbes (Feb. 27, 2026, at 4:06pm ET), https://www.forbes.com/sites/adamminsky/2026/02/27/student-loans-in-save-plan-thrust-into-new-uncertainty-after-major-court-ruling/.

2

Moreover, the Court was mistaken to suggest that the mere "change in [presidential] administration[s]" deprived this Court of jurisdiction.  *See* ECF 93 at 2.  Even assuming that Defendants agree with Plaintiff States on the legality of the SAVE Rule, a new presidential administration cannot rescind a rule without a going through the same process as it did when in promulgated the rule in the first instance.  *See Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[A]n agency changing its course by rescinding a rule is obligated to supply a reasoned analysis for the change beyond that which may be required when an agency does not act in the first instance.").  So a new presidential administration did not and cannot give the States "the relief originally sought without further intervention from the Court."  ECF 93 at 3.

The States ask that this Court enter this kind of temporary administrative stay by Wednesday, March 4, 2026 at 5pm, ensuring that the preliminary injunction ordered by the Eighth Circuit remains in effect.  Such relief would allow the Eighth Circuit to review the matter before individuals start applying for relief under the SAVE Rule.  And even if the Eighth Circuit ultimately rejects the States' appeal, the only effect of granting an administrative stay will be a very brief delay in the dismissal of this suit.  A short postponement will not materially hamper any contrary reliance interests—because the SAVE Rule as it has been administratively stayed or preliminarily enjoined for nearly two years.  Thus, borrowers will not be harmed because a brief administrative stay merely maintains this status quo of their payment obligations.  Therefore, at a minimum, the Court should enter a brief administrative

3

stay of its dismissal order until the Eighth Circuit rules on the States' forthcoming emergency motion for a stay pending appeal.

The United States takes no position on this motion at this time.

\*\*\*

For those reasons, Plaintiffs respectfully request that the Court enter a temporary administrative stay of its dismissal order so that the States may promptly seek an appeal from the Eighth Circuit.

4

Date: March 2, 2026

**CATHERINE L. HANAWAY**
**Attorney General of Missouri**

*/s/ Louis J. Capozzi III*
Louis J. Capozzi, III, #77756(MO)
  *Solicitor General*
Graham D. Miller, #77656(MO)
  *Deputy Solicitor General*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
Fax. (573) 751-0774
Louis.Cappozi@ago.mo.gov
Graham.Miller@ago.mo.gov

*Counsel for Plaintiff*
*State of Missouri*
*Lead Counsel for State Plaintiffs*

**TIM GRIFFIN**
**Attorney General of Arkansas**

Autumn Hamit Patterson
  *Solicitor General*
Dylan L. Jacobs
  *Deputy Solicitor General*
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3661
Autumn.Patterson@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

*Counsel for*
*State of Arkansas*

Respectfully Submitted,

**JAMES UTHMEIER**
**Attorney General of Florida**

David Wehirst
  *Chief Deputy Attorney General*
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
david.dewhirst@myfloridalegal.com

*Counsel for the State of Florida*

**CHRISTOPHER M. CARR**
**Attorney General of Georgia**

John Henry Thompson
  *Solicitor General*
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
jhthompson@law.ga.gov

*Counsel for State of Georgia*

**DREW H. WRIGLEY**
**Attorney General of North Dakota**

Philip Axt
  *Solicitor General*
North Dakota Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Telephone: (701) 328-2210
pjaxt@nd.gov

*Counsel for State of North Dakota*

5

**DAVE YOST**
**Attorney General of Ohio**

Mathura J. Sridharan
    *Solicitor General*
Office of the Attorney General
365 East Broad Street
Columbus, Ohio 43215
Phone: (614) 466-8980
mathura.sridharan@ohioago.gov

*Counsel for Plaintiff State of Ohio*

**GENTNER DRUMMOND**
**Attorney General of Oklahoma**

Gentner Drummond, OBA #16645
    *Attorney General*
Garry M. Gaskins, II, OBA #20212
    *Solicitor General*
Office of the Attorney General
State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
Fax:  (405) 522-4815
gentner.drummond@oag.ok.gov
garry.gaskins@oag.ok.gov

*Counsel for*
*State of Oklahoma*

6

## CERTIFICATE OF SERVICE & COMPLIANCE

I certify that on March 2, 2026, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, consistent with Federal Rule of Civil Procedure 5(b).

I further certify that the foregoing document contains 4 pages, exclusive of matters designated for omission.

                                        */s/ Louis J. Capozzi III*

                                        *Counsel for Plaintiff State of Missouri*
                                        *Lead Counsel for Plaintiff States*