UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-00520-JAR |
| ) | |
| DONALD J. TRUMP, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiffs' motion to stay the Court's order dismissing the case (ECF Nos. 93, 94) to allow the Eighth Circuit time to consider Plaintiffs' forthcoming emergency motion for a stay pending appeal.[1]  For the reasons stated herein, the Court will deny the motion.

Plaintiffs rely on Federal Rule of Appellate Procedure 8(a)(1)(A), which allows a district court to enter a stay of the relevant judgment pending appeal.  The Supreme Court has identified four factors to be considered in determining whether a stay should issue pursuant to Rule 8(a)(1)(A):

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  Here, Plaintiffs fail to put forth any argument that would weigh in favor of staying the order of dismissal in light of these factors.

---

[1] To date, Plaintiffs have not filed a notice of appeal.

First, Plaintiffs are unlikely to succeed in their arguments on appeal.  The majority of Plaintiffs' motion disputes the Court's cited basis for entering a dismissal.  However, Plaintiffs misconstrue the reason why this case was dismissed.  Contrary to Plaintiffs' suggestion, the Court did not dismiss this action as moot "simply because the parties wish to settle."  ECF No. 95 at p. 1.  Obviously, there is a vast expanse of examples—in fact, the majority of litigation that comes before federal courts—in which truly adverse parties remain vigorously opposed to each other but mutually agree at some point during the life of the litigation that a negotiated compromise is preferrable to costly and protracted litigation on the merits.  This all-too-common agreement among the parties does not ipso facto moot a case.  This case, however, does not present this simple scenario.  There is no such remaining adversity among the parties.  And the Court did not conclude as much based on a "mere" change in presidential administration.  *Id*. at 3.  *This* change in *this* presidential administration presented a unique circumstance in which the parties became aligned not only in their position as to the legality of the regulation at issue but in the appropriate relief, which they have agreed to carry out by private settlement regardless of any further action by this Court.[2]  The Court finds unpersuasive Plaintiffs' suggestion that the proper

---

[2] The key ingredient missing in this case—in light of the parties' lack of adversity and agreement as to the intended relief—is any real necessity that the Court intervene to redress an alleged ongoing injury when the parties have, and have had, the ability, and now the agreement, to achieve it among themselves.  Consider, for example, *United States v. Windsor*, 570 U.S. 744 (2013).  In that case, the plaintiff challenged the Defense of Marriage Act (DOMA) that prevented her from claiming the estate tax exemption for a surviving spouse following the death of her same-sex partner.  *Id*. at 749-52.  DOMA excluded same-sex partners from the definition of "spouse" under federal law.  *Id*. at 751.  The United States declined to defend the legality of DOMA in the litigation, agreeing with the plaintiff's stance that it was unconstitutional.  *Id*. at 754.  Nonetheless, the United States continued to *enforce* that law by refusing to issue the tax refund to the plaintiff.  The Supreme Court agreed with the district court's conclusion that it retained jurisdiction to redress this ongoing injury by issuing an order to the United States to pay the tax refund, which it had refused to do.  *Id*. at 751-52.  In carefully delineating both the constitutional and prudential reasons for requiring adversity of the parties, the Court emphasized that "the refusal of the Executive to provide the relief sought suffices to preserve a justiciable

alternative to entering the parties' requested judgment vacating the rule would be to require them to continue to litigate the merits.  The Court notes that doing so would be contrary to the parties' own representation that "further litigation on the merits would likely not serve any useful purpose."  ECF No. 91 at p. 2.  For months preceding the joint motion for final judgment, neither party took any action or even attempted to continue to litigate this case.  Instead, they appear to have been discussing and considering the then-forthcoming One Big Beautiful Bill Act.  *See* ECF Nos. 70, 81 (May 5 and August 4, 2025 status reports indicating the parties' intent to assess the recently-introduced and then recently-enacted legislation and its impact on Plaintiffs' request for relief).  Requiring these parties to continue to litigate the matter would place the Court in the impermissible and undesirable position of adjudicating a hypothetical question posed in "a friendly, non-adversary, proceeding" in which a "real, earnest and vital controversy" has ceased to exist *and* which the parties have resolved out of court.  *Windsor*, 570 U.S. at 781 (quoting *Ashwander v. TVA*, 297 U.S. 288, 346 (1936)).  And as to that settlement agreement, in addition to the Court's previous note that the settlement agreement was not presented to the Court (*see* ECF No. 93 at p. 3), the Court notes that no party has alerted the Court that the settlement agreement cannot be carried out absent Court approval, which was not sought.

      The Court is not convinced that Plaintiffs face irreparable injury if a stay is not issued.  Plaintiffs contend that "only this Court's preliminary injunction prevented enforcement" of the SAVE plan, and absent an order making that injunction permanent, "individuals could start applying for student loan relief once again."  ECF No. 95 at p. 2.  The Court is not persuaded by

---

dispute as required by Article III."  *Id*. at 758-59 (explaining that the order at issue required the United States to issue a payment it *would not otherwise make*).  Here, such non-cooperation does not exist.

3

Plaintiffs' apparent attempt to ignore the One Big Beautiful Bill Act,[3] which requires Defendants to begin transitioning all borrowers enrolled in the SAVE plan to a different repayment plan or the parties' settlement agreement that would presumably require the same.  Nor have Plaintiffs convinced the Court that the administrative requirement to pursue negotiated rulemaking to more immediately repeal the SAVE plan, if the parties so desire, somehow entirely deprives Defendants of the ability to achieve the agreed upon relief.  To the contrary, Defendants could have begun efforts to plan the transition of borrowers to other repayment plans since the entry of the expanded preliminary injunction, or at least since July 4, 2025 upon the enactment of the One Big Beautiful Bill Act.

As to the final two factors in this analysis, the United States apparently takes "no position" as to Plaintiffs' motion (*see* ECF No. 95 at p. 4), rendering it difficult to determine that any impending substantial injury to Defendants will occur if Plaintiffs' request for a stay is granted.  In this case, as the Court noted before (*see* ECF No. 93 at p. 4 n. 2), public interest weighs in favor of finality and certainty, which the order of dismissal provides at least as to the state of this litigation.  Where there exists little likelihood of Plaintiffs' success on appeal, further delaying a final judgement in this case, which is warranted for the reasons explained in the Court's order of dismissal, is not in the public interest.

While Plaintiffs have every right to appeal the Court's decision to dismiss this case, the Court finds that a stay of the order at issue is unnecessary.

---

[3] Pub. L. No. 119-21, 139 Stat. 72 (2025).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to stay dismissal of the case pending appeal [ECF No. 95] is **DENIED**.

Dated this 4th Day of March, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5