**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

STATE OF MISSOURI, et al.,

*Plaintiffs,*

v.

DONALD J. TRUMP, et al.,

*Defendants.*

Civil Action No. 4:24-cv-00520-JAR

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
MOTION FOR LEAVE TO INTERVENE**

Proposed Intervenors waited nearly eleven months to the day after this case was remanded back to this Court after appeal. Proposed Intervenors waited three months since the parties' joint motion for entry of judgment. And Proposed Intervenors waited until after this Court was directed by the Eighth Circuit Court of Appeals to enter final judgment before they filed their motion to intervene. They are simply far too late. *See United Food and Com. Workers Union, Local No. 663 v. U.S. Dep't of Agric.*, 36 F.4th 777, 780–81 (8th Cir. 2022). Accordingly, this Court should deny their motion to intervene as untimely. Even if this Court somehow holds Proposed Intervenors' motion timely, Proposed Intervenors cannot establish Article III standing and their motion to intervene should nonetheless be denied.

**ARGUMENT**

**I. The motion is untimely.**

"Whether a person moves for 'intervention of right' or for 'permissive intervention,' the motion must be timely." *Am. Civil Liberties Union of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1093 (8th Cir. 2011) (quoting Fed. R. Civ. P. 24).

1

Timeliness is a "threshold issue." *United Food and Com. Workers Union*, 36 F.4th at 780 (quotation omitted).  This Court considers four factors:  "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties."  *Id.* (quotation omitted).  Here, these factors all weigh strongly against intervention.

*First*, "th[is] litigation has progressed to the end-game," and intervention this late is "disfavor[ed]."  *Id.*  Proposed Intervenors are seeking to intervene not merely after the parties had negotiated a settlement and had jointly moved for entry of final judgment, which the Eighth Circuit directed, *see* J., No. 26-1394 (8th Cir. Mar. 9, 2026), but also over one year after the Eighth Circuit affirmed (and expanded) the preliminary injunction in this case, *see Missouri v. Trump*, 128 F.4th 979, 998 (8th Cir. 2025).  They are "extremely late."  *See United Food and Com. Workers Union*, 36 F.4th at 780–81 (affirming denial intervention as too late when party sought to intervene over one month after entry of summary judgment); *see also Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir. 1995) (affirming denial intervention as too late when party waited "for nearly two years and then moved to join the litigation when the parties reached a settlement agreement one month before the trial date").

*Second*, Proposed Intervenors had or should have "had knowledge of the case and proposed relief well before the court entered [final] judgment."  *United Food and Com. Workers Union*, 36 F.4th at 781.  The "change in [presidential] administrations

2

undoubtedly" put the Proposed Intervenors on notice that this administration might not "continue to defend the SAVE Plan" as the administration "did not seek further review of the preliminary injunction" and "t[ook] no further steps to defend the Final Rule." *See* ECF 93 at 2. Moreover, the Parties filed joint status reports that they were engaging in a negotiated resolution of this litigation. *See* ECF 70, 81.

But even if the change in administrations and the pursuit of a settlement were not enough, the Parties filed a joint motion for entry of judgment asking this Court to vacate the SAVE Plan Final Rule (with one exception). ECF 91 at 3. This "clearly indicated" that United States had "consent[ed] to the entry of judgment." *NAACP v. New York*, 413 U.S. 345, 367 (1973). "The only step remaining" was for this Court to enter final judgment, and "[t]hus, it was incumbent upon [Proposed Intervenors], at that stage of the proceedings, to take immediate affirmative steps to protect their interests . . . ." *Id.* Yet it was not until over three months later that Proposed Intervenors filed their motion to intervene. *See id.* at 367–69 (intervention one month after United States filed its answer—not joint motion for entry of judgment—is too late).

*Third*, Proposed Intervenors offer no reason for delay. *See* ECF 105-1 at 10–14 (insisting their motion was timely). This factor cannot support intervention here.

*Fourth*, the prejudice here is manifest. "[T]he parties would be prejudiced because final judgment on their settlement had already been entered." *Planned Parenthood of the Heartland v. Heineman*, 664 F.3d 716, 718 (8th Cir. 2011). Moreover, "[o]nce parties have invested time and effort into settling a case it would be prejudicial to allow intervention. That is particularly true when the settlement

3

negotiations were complex and well-publicized, as was the case here." *State v. City of Chicago*, 912 F.3d 979, 986–87 (7th Cir. 2019) (citation and quotation marks omitted).

Therefore, all the factors weigh against granting the motion to intervene because it is untimely. This resolves the motion for leave to intervene at the threshold.

## II. Proposed Intervenors lack of standing.

In the Eighth Circuit, "a party seeking to intervene must establish Article III standing in addition to the requirements of Rule 24." *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009). This Court must accept factual allegations alleged by Proposed Intervenors, *see Tarek ibn Ziyad Acad.*, 643 F.3d at 1092, but "standing in no way depends on the merits of the [Proposed Intervenors'] contention that particular conduct is []legal," *Atwood v. Peterson*, 936 F.3d 835, 841 (8th Cir. 2019) (per curiam) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)).

Proposed Interevenors' alleged injuries are that vacating the SAVE Plan causes each of them financial harm through not being able to participate in the unlawful loan forgiveness program. *See* ECF 105-1 at 5–7. But the problem for them is that their alleged injuries are not "an invasion of a 'legally cognizable right.'" *Tarek ibn Ziyad Acad.*, 643 F.3d at 1092 (quoting *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 591 (8th Cir.2009)). The SAVE Plan has been adjudicated to be unlawful, *see* J., No. 26-1394 (8th Cir. Mar. 9, 2026) (directing district court to enter final judgment vacating the SAVE Plan), so Proposed Intervenors suffer no legally cognizable injury through the ending of this unlawful program. Therefore, even if this Court considers

4

the motion timely, this Court should still deny intervention for lack of Article III standing.

### III.   If intervention is granted, this Court should grant Plaintiffs time to respond to motion for reconsideration.

In the event that this Court grants Proposed Intervenors' motion to intervene, Plaintiffs respectfully request that this Court grant Plaintiffs fourteen days to respond to Proposed Intervenors' Motion to Reconsider.  *See* ECF 107; *see also* Local Rule 4.01(b) (allowing a party fourteen days to oppose a motion).

*** 

For those reasons, Plaintiffs respectfully request that the Court deny Proposed Intervenors' Motion for Leave to Intervene.

Date: March 27, 2026

Respectfully Submitted,

**CATHERINE L. HANAWAY**
**Attorney General of Missouri**

*/s/ Louis J. Capozzi, III*
Louis J. Capozzi, III, #77756(MO)
   *Solicitor General*
Graham D. Miller, #77656(MO)
   *Deputy Solicitor General*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
Fax. (573) 751-0774
Louis.Cappozi@ago.mo.gov
Graham.Miller@ago.mo.gov

*Counsel for Plaintiff*
*State of Missouri*
*Lead Counsel for State Plaintiffs*

**TIM GRIFFIN**
**Attorney General of Arkansas**

Autumn Hamit Patterson
   *Solicitor General*
Dylan L. Jacobs
   *Deputy Solicitor General*
Office of the Arkansas Attorney
General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3661
Autumn.Patterson@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

*Counsel for*
*State of Arkansas*

**JAMES UTHMEIER**
**Attorney General of Florida**

David Wehirst
   *Chief Deputy Attorney General*
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
david.dewhirst@myfloridalegal.com

*Counsel for the State of Florida*

**CHRISTOPHER M. CARR**
**Attorney General of Georgia**

John Henry Thompson
   *Solicitor General*
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
jhthompson@law.ga.gov

*Counsel for State of Georgia*

**DREW H. WRIGLEY**
**Attorney General of North Dakota**

Philip Axt
   *Solicitor General*
North Dakota Attorney General's
Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Telephone: (701) 328-2210
pjaxt@nd.gov

*Counsel for State of North Dakota*

6

**DAVE YOST**
**Attorney General of Ohio**

Mathura J. Sridharan
   *Solicitor General*
Office of the Attorney General
365 East Broad Street
Columbus, Ohio 43215
Phone: (614) 466-8980
mathura.sridharan@ohioago.gov

*Counsel for Plaintiff State of Ohio*

**GENTNER DRUMMOND**
**Attorney General of Oklahoma**

Gentner Drummond, OBA #16645
   *Attorney General*
Garry M. Gaskins, II, OBA #20212
   *Solicitor General*
Office of the Attorney General
State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
Fax:  (405) 522-4815
gentner.drummond@oag.ok.gov
garry.gaskins@oag.ok.gov

*Counsel for*
*State of Oklahoma*

7

## CERTIFICATE OF SERVICE & COMPLIANCE

I certify that on March 27, 2026, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, consistent with Federal Rule of Civil Procedure 5(b).

I further certify that the foregoing document contains 5 pages, exclusive of matters designated for omission.

*/s/ Louis J. Capozzi, III*

*Counsel for Plaintiff State of Missouri*
*Lead Counsel for Plaintiff States*